STATE of Minnesota, Respondent,

v.

Michael James PARK, Appellant.

No. 81–177.

Supreme Court of Minnesota.

May 13, 1981.

C. Paul Jones, Public Defender, Mary C. Cade, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Robert F. Carolan, County Atty., Mark N. Lystig, Asst. County Atty., Hastings, for respondent.

SHERAN, Chief Justice.

This is an appeal by a criminal defendant from a sentence imposed by the trial court for the offense of unauthorized use of a motor vehicle, to which defendant pled guilty in exchange for the dismissal of a theft charge. Based on the severity level of the offense (one) and defendant's criminal history score (five), the presumptive sentence was 21 months stayed. The trial court instead sentenced defendant to 21 months in prison and ordered the sentence to run consecutively to a previously imposed prison term of 1 year and 1 day. We affirm the trial court's refusal to stay execution but we reverse the order making the sentence consecutive.

Defendant's first felony conviction was for unauthorized use to which he pled guilty in Dakota County in August 1979. The trial court placed him on probation for 3 years with the first 90 days to be spent in the workhouse and with defendant being entitled to early release if he enrolled in some treatment program for his chemical dependency problem. Also pursuant to the plea agreement the court dismissed a reck-

less driving charge growing out of defendant's driving at speeds between 80 and 90 miles-per-hour during the police chase which led to his arrest.

Defendant's next felony which led to conviction was another unauthorized use which occurred in Scott County in January 1980. His third one was for possession of marijuana in Scott County in April 1980.

His fourth one, the one with which we are directly concerned, involved the taking of a motorcycle in Dakota County in August 1980. Defendant was charged with unauthorized use and theft but was allowed to plead guilty to unauthorized use, with the theft charge being dismissed.

Defendant was sentenced in Scott County on October 10, 1980 to a year and a day in prison for the drug offense and to 3 years extended probation for the unauthorized use. Thereafter, he was sentenced for the unauthorized use in Dakota County to the term he is now appealing, the 21-month executed consecutive prison term. Subsequently, the stay of imposition of sentence for the 1979 conviction was revoked and defendant was sentenced to a term of a year and a day to run concurrently with the prior sentence for the Scott County offenses.

In refusing to grant a stay of the 21-month prison term the trial court relied on evidence establishing defendant's unamenability to probation. This evidence included the strong recommendation of the probation officer, evidence of defendant's serious chemical dependency problem, evidence that defendant refused to accept that he had a problem or needed treatment, evidence that he completely failed to cooperate on his earlier adult probation, and the evidence that defendant was already serving a prison term for the Scott County offense.

In ordering the sentence to be consecutive, the court stated, "The reason for the consecutive sentence is I find no good reason to make it concurrent, Counsel."

Each case must be considered on its own and the mere fact that the agent who prepared the presentence investigation report states that the defendant is not amenable to probation does not necessarily justify departing from the stayed sentence and sending defendant to prison. However, in this case, the evidence, including the recommendation of the agent, was such that the trial court was justified in concluding that the circumstances were compelling enough to warrant departure and the court therefore did not err in refusing to stay execution. *State v. Garcia*, 302 N.W.2d 643 (Minn.1981).

On the other hand, we hold that the record did not justify the decision to make the sentence consecutive. Section II.F. of the Sentencing Guidelines specifies the circumstances which justify imposition of a consecutive sentence. None of those circumstances was present here. Under the circumstances, the decision to make the sentence consecutive was a departure. But the trial court did not give any justification for this departure. Accordingly, the order making the sentence consecutive must be reversed. *State v. Bellanger*, 304 N.W.2d 282 (Minn.1981).

Affirmed as modified.