STATE of Minnesota, Appellant,

v.

Michael James WRIGHT, Respondent.

No. 81–766.

Supreme Court of Minnesota.

Sept. 22, 1981.

Warren Spannaus, Atty. Gen., St. Paul, Tom Foley, County Atty., Steven De Coster, Asst. County Atty., St. Paul, for appellant.

Gilbert J. Schlagel, St. Paul, for respondent.

SHERAN, Chief Justice.

This is a sentencing appeal. Defendant was convicted, pursuant to a guilty plea, of first-degree arson, Minn.Stat. 609.561, subd. 1 (1980), a severity level VII offense. Defendant's criminal history was zero. The presumptive sentence was commitment to the commissioner of corrections for 24 months. The trial court, accepting the recommendations of a psychiatrist and the agent who prepared the presentence investigation report—who believed that defendant was a unique individual with psychiatric problems who would be abused in prison and would not be a threat to the public safety if placed in a treatment program—sentenced defendant to 24 months in prison but stayed execution of sentence and placed defendant on 20 years' probation, the first year to be served in the workhouse, with defendant being released after 6 months (less time for good behavior) to a suitable treatment program. We affirm.

The fire which led to defendant's conviction was set by defendant around noon on December 29, 1980, when he threw matches on clothes in a third-floor storage area of the apartment building where he worked as a janitor. After setting the fire, he returned to his chores as janitor. When a lady yelled that there was a fire, he notified the manager of the building. He then ran upstairs to the third floor and alerted residents, before alerting residents on the second and first floors. Some people were trapped on a second-floor balcony and had to be evacuated by ladders. Total damages to the building exceeded $54,000.

Defendant at first denied the offense but later confessed.

The psychiatrist who examined defendant for the court strongly opposed incarceration, saying that defendant, although not psychotic, is more child than man and that he would easily be victimized in prison and/or led by other prisoners into criminal activity in order to gain peer approval.

The author of the presentence investigation report recommended probation with time in the workhouse followed by treatment and long-term supervision, and the trial court accepted that recommendation over the opposition of the state. The court's departure report stated as follows:

The defendant is a unique individual in that he seems to require some type of psychiatric or mental treatment rather than incarceration. His condition is such that he does not seem to fit into a traditional correctional mold and there is no psychiatric institution which would be available for someone with his type of problem.

The recommendations of the psychiatrist, the probation officer, and all concerned were to the effect that this defendant would be abused seriously if he were in some type of correctional institution.

He does not seem to be a menace as long as he will receive the type of outpatient treatment which will be structured for him. The best interests of this defendant and of society are served by the departure as outlined in the sentencing transcript.

The Sentencing Guidelines Commission adopted the following nonexclusive list of mitigating factors:

(1) The victim was an aggressor in the incident.

(2) The offender played a minor or passive role in the crime or participated under circumstances of coercion or duress.

(3) The offender, because of physical or mental impairment, lacked substantial capacity for judgment when the offense was committed. The volun-

tary use of intoxicants (drugs or alcohol) does not fall within the purview of this factor.

(4) Other substantial grounds exist which tend to excuse or mitigate the offender's culpability, although not amounting to a defense. II.D.2.a.

None of these factors fits this case but the list is nonexclusive. The question then becomes whether there was any other substantial basis for departure which is not among the factors listed at II.D.1. as being unavailable as reasons for departure. Those factors which are listed as unavailable are race, sex, employment factors, social factors, and the exercise of constitutional rights by the defendant during the adjudicatory process.

The listed factors justifying mitigation or aggravation focus primarily on the degree of the defendant's culpability. The justification given by the trial court focused more on defendant as an individual and whether the presumptive sentence would be best for him and for society. In *State v. Garcia*, 302 N.W.2d 643 (Minn.1981), the first decision of this court interpreting the Sentencing Guidelines, we upheld an upward departure (longer sentence and refusal to stay execution) based on strong evidence that the defendant in that case had treated the victim in a particularly cruel way and that the defendant was particularly unamenable to probation. To the same effect on unamenability, see *State v. Park*, 305 N.W.2d 775 (Minn.1981). This is the other side of unamenability to probation—that is, defendant is particularly unamenable to incarceration and particularly amenable to individualized treatment in a probationary setting.

There is a danger that such a justification could be loosely applied, just as there is a danger that the justification used in *Garcia* and *Park* could be loosely applied. However, the trial court in this instance did not loosely apply the standard. Defendant may well present a danger to the public safety if he is not supervised; but the trial court, relying on the opinion of the psychiatrist and the agent who prepared the presen-

tence investigation report, basically concluded that there was a strong reason for believing that defendant would be victimized in prison and that both defendant and society would be better off if defendant were sent to the workhouse for a short time, then given treatment, and then supervised on probation for the remainder of the 20 years. Underlying the trial court's decision is the belief that the chance that defendant will mend his ways and that society's interests will be safeguarded are better if the probationary treatment approach is followed. We cannot say that the trial court abused its discretion in reaching this conclusion.

Affirmed.