STATE of Minnesota, Respondent,

v.

Derrold Frank FLYNN, Appellant.

Nos. 81–962, 81–373.

Supreme Court of Minnesota.

Dec. 16, 1981.

Derrold Frank Flynn, pro se.

Eller, Schiff & Pearson, St. Cloud, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Alan Mitchell, County Atty., Duluth, Alan Mitchell, County Atty., and Peter Banovetz, Asst. County Atty., Duluth, for respondent.

AMDAHL, Justice.

This is a sentencing appeal by a criminal defendant.

In the summer of 1980 undercover officers posing as fences conducted a "sting operation" in Duluth. On numerous occasions defendant sold stolen items to these officers. When police finally arrested defendant in September, they had enough evidence to charge him with numerous offenses. An additional offense, attempted escape from custody, occurred on October 10, when defendant and a cellmate tried to saw their way out of the county jail in Duluth.

The prosecutor and defense counsel negotiated an agreement whereby defendant would plead guilty to six offenses [theft (2), burglary (2), unauthorized use, and attempted escape] and the other charges would be dismissed, with the dismissals contingent on defendant's testifying in other trials. Defendant understood before he pled guilty that he probably would receive 33 months in prison.

The sentencing occurred on one day before the same judge. The prosecutor recommended consecutive sentencing for the offenses. Defense counsel urged that the sentencing be according to the Sentencing Guidelines and urged the court not to sentence defendant to any consecutive terms.

The sentencing court refused to stay the terms for any of the offenses and made the sentence for attempted escape run consecutively to the other sentences, giving defendant a total of 33 months in prison—that is, concurrent terms of 19 months for each of the thefts and 21 months for the two burglaries and the unauthorized use and a con-

secutive term of 1 year and 1 day for the attempted escape. The departure report gave the following reasons for departure:

(1) The number of crimes involved (19). All but six were dismissed in plea negotiating.

(2) Previous two felonies were burglaries. It is obvious there has been no attempt or no showing of any rehabilitation whatsoever.

(3) The attempted escape from the jail was made while awaiting sentencing and during the presentence investigation.

(4) The Court feels that this defendant is not amenable to any form of treatment in a local setting.

■ 1. We hold that the sentencing court did not err in refusing to stay the sentences. The record sufficiently establishes that defendant is not amenable to probation, and therefore the trial court was justified in refusing to stay the sentences. *State v. Park*, 305 N.W.2d 775 (Minn.1981); *State v. Garcia*, 302 N.W.2d 643 (Minn. 1981). Indeed, it appears that every local treatment option had been tried on defendant and that he had resisted all attempts to modify his behavior. It thus seemed highly unlikely that probation would do defendant or society any good.

■ 2. We also hold that the sentencing court properly imposed a consecutive sentence of 1 year and 1 day for the attempted escape.

(a) Minn.Stat. § 609.15 (1980) provides that if the sentencing judge does not specify that a sentence is to run consecutively, it shall run concurrently. However, section 609.485, subd. 4(5) provides that "[u]nless a concurrent term is specified by the court, a sentence [for escape] shall be consecutive to any sentence previously imposed or which may be imposed for any crime or offense for which the person was in custody when he escaped." This difference is reflected in the Sentencing Guidelines, which generally provide for concurrent sentencing but make an exception in certain cases, including when the conviction is for escape from law-

ful custody. Minnesota Sentencing Guidelines and Commentary, II.F.3. (1980). Although defendant's conviction was for attempted escape, we believe that the reasoning behind consecutive sentencing for escape also fits attempted escape.

(b) Defendant's related argument is that sentencing for the attempted escape, even if consecutive, should be for half what defendant would have received for escape. Under II.G. of the Sentencing Guidelines, which deals with convictions for attempts, the presumptive sentence length is determined by dividing the duration in the cell for the completed offense by two. However, that section specifically provides that the length cannot be less than a year and a day. *Id.*, II.G. (1980).

Affirmed.