STATE of Minnesota, Appellant,

v.

Brian John HENNESSY, Respondent.

No. 82–779.

Supreme Court of Minnesota.

Jan. 14, 1983.

Hubert H. Humphrey III, Atty. Gen., St. Paul, Raymond F. Schmitz, Asst. County Atty., Rochester, for appellant.

David J. Rice, Rochester, for respondent.

AMDAHL, Chief Justice.

This is an appeal by the state, pursuant to Minn.Stat. § 244.11 (1980), from a sentencing departure by the district court in the form of a stay of imposition of sentence in a case in which the Sentencing Guidelines recommend execution of sentence. We affirm.

Defendant is a 24-year-old man with a substantial record of nonviolent, nonaggressive criminal conduct. In December of 1981, while on parole, defendant was caught by police outside a school building that defendant and an accomplice had just burglarized. Defendant subsequently pleaded guilty to burglary, Minn.Stat. § 609.58, subd. 2(3) (1980), upon the prosecutor's promise that he would not make a recommendation to the trial court at the time of sentencing. The offense is a severity level IV offense and defendant's criminal history score at the time of sentencing was seven, based on one custody status point, one misdemeanor/gross misdemeanor point, and five felony points (one for forgery, four for burglaries of nonresidential buildings). The presumptive sentence for a severity level IV offense by a person with a criminal history score of six or more is an executed prison term of 41 (37–45) months.

The trial court departed dispositionally by staying imposition of sentence and placing defendant on probation, conditioned on defendant's reasonably participating in the P.O.R.T. (Probationed Offenders Rehabilitation Training) Program and fulfilling the terms of his contract with that program, including making restitution and paying the fees of his court-appointed attorney. The reasons given by the trial court for the dispositional departure are (1) that although defendant has five prior felony convictions, those convictions were for property offenses, (2) that in the past when defendant has not been in a prison setting, he has not been supervised adequately and that he believes that the highly structured P.O.R.T. Program will do this, and (3) that defendant appears to have motivated himself to control his anti-social conduct and to control his drinking problem.

 This appeal is controlled by *State v. Trog,* 323 N.W.2d 28 (Minn.1982), and *State v. Wright,* 310 N.W.2d 461 (Minn. 1981). Those cases hold that just as a defendant's particular unamenability to probation will justify departure in the form of an execution of a presumptively stayed sentence, a defendant's particular amenability to individualized treatment in a probationary setting will justify departure in the form of a stay of imposition or execution of a presumptively executed sentence. As we stated in *Trog,* "Numerous factors, including the defendant's age, his prior record, his remorse, his cooperation, his attitude while in court, and the support of friends and/or family, are relevant to a determination whether a defendant is particularly suitable to individualized treatment in a probationary setting." 323 N.W.2d at 31.

The sentencing judge did not use the language that we used in *Trog* and *Wright,* but he has been a member of the Sentencing Guidelines Commission since its inception and is well aware of the relevant principles. Basically, he was relying on the approach used in those cases when he stated that he felt defendant could be rehabilitated without being confined in prison; that is, he was satisfied that the risk of placing defendant on probation was significantly outweighed by the evidence that defendant finally was motivated to try to rehabilitate himself and had found the right program to help him do it. Believing that the trial court was justified in concluding that defendant was particularly amenable to treatment in a probationary setting, we affirm the dispositional departure.

Affirmed.

KELLEY, J., took no part in the consideration or decision of this case.