STATE of Minnesota, Appellant,

v.

Daniel Jerome CLEMMER, Respondent.

No. 82–1051.

Supreme Court of Minnesota.

Jan. 21, 1983.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, for appellant.

Philip G. Villaume, St. Paul, for respondent.

AMDAHL, Chief Justice.

This is an appeal by the state, pursuant to Minn.Stat. § 244.11 (1982), from a sentencing departure by the district court in the form of a stay of execution of sentence in a case in which the Minnesota Sentencing Guidelines recommend imposition and execution of a 34 (33–35) month prison term. We affirm.

Defendant is 22 years old. His first conviction, for burglary, was in 1979. His second conviction, also for burglary, was in 1980. Defendant received probation in both cases. He apparently was chemically dependent at the time but this was not discovered and therefore no attempt was made to involve him in treatment.

Defendant was arrested on December 30, 1981, and was charged with two counts of selling marijuana and two counts of selling L.S.D. to the same undercover police officer. Subsequently, defendant pleaded guilty to the two counts of selling L.S.D. The presentence investigation report indicated that defendant is chemically dependent and that he began selling the substances in question because his regular job did not provide him with enough income to support his wife and infant son and pay for his drug habit. The report also revealed that after being diagnosed as chemically dependent, defendant entered and successfully completed a 30-day treatment program at St. Mary's Rehabilitation Center in Minneapolis and then entered a 6-month inpatient treatment program at Team

House in St. Paul. The report indicated that the treatment had had a positive effect on defendant and that his prognosis was excellent.

Sale of L.S.D. is a severity level VI offense. Defendant's criminal history score at the time of sentencing was three (two felony points and one custody status point). The presumptive sentence for the offense by one with defendant's criminal history score is 34 (33–35) months in prison, with the sentence executed.

The agent who prepared the presentence investigation report recommended staying execution of sentence and placing defendant on probation for 5 years, with a condition of probation being that defendant complete the chemical dependency treatment program. The agent "strongly opposed" execution of sentence.

The trial court felt that it was a close case but decided to stay execution of the sentence. The court made it clear to defendant that probation would be revoked and defendant would have to serve the Sentencing Guidelines term if he violated probation. In support of the dispositional departure the court stated that defendant was not violent, that his crimes were related to his chemical dependency problem, and that defendant was amenable to treatment in a probationary setting.

This appeal is controlled by *State v. Trog,* 323 N.W.2d 28 (Minn.1982), and *State v. Wright,* 310 N.W.2d 461 (Minn.1981). Those cases hold that just as a defendant's particular unamenability to probation will justify departure in the form of an execution of a presumptively stayed sentence, so will a defendant's particular amenability to individualized treatment in a probationary setting justify departure in the form of a stay of imposition or execution of a presumptively executed sentence. As we stated in *Trog,* "Numerous factors, including the defendant's age, his prior record, his remorse, his cooperation, his attitude while in court, and the support of friends and/or family, are relevant to a determination whether a defendant is particularly suitable to individualized treatment in a probationary setting." 323 N.W.2d at 31.

We believe that the trial court was justified in concluding that defendant was particularly amenable to individualized treatment in a probationary setting. We therefore affirm the dispositional departure.

Affirmed.