STATE of Minnesota, Appellant,

v.

Wayne Donald KING, Respondent.

No. C0-83-143.

Supreme Court of Minnesota.

Aug. 26, 1983.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Robert W. Kelly, County Atty., Wil-

liam F. Klumpp, Jr., Asst. County Atty., Stillwater, for appellant.

David K. Porter, Richfield, for respondent.

AMDAHL, Chief Justice.

This is an appeal by the state from a dispositional sentencing departure in the form of a stay of execution of a presumptively executed prison term of 1 year and 1 day for the offense of attempted aggravated robbery. The offense is a severity level VII offense to which defendant, who has a criminal history score of zero, pleaded guilty. The sole issue is whether there was a valid basis for the departure. We hold that there was.

In *State v. McClay,* 310 N.W.2d 683 (Minn.1981), we upheld a durational departure in an aggravated robbery case because the robbery in question was more aggravated than the typical aggravated robbery, the conduct underlying the offense being especially serious and dangerous. The instant case involves a dispositional departure based in part on an attempted aggravated robbery which the trial court felt was not as serious as the typical attempted robbery. We tend to agree with this assessment, but we need not decide the point because the record also supports the trial court's implied determination that defendant is particularly amenable to treatment in a probationary setting. Cases bearing on this include *State v. Clemmer,* 328 N.W.2d 739 (Minn.1983); *State v. Hennessey,* 328 N.W.2d 442 (Minn. 1983); *State v. Trog,* 323 N.W.2d 28 (Minn. 1982); and *State v. Wright,* 310 N.W.2d 461 (Minn.1981). In *Wright,* we affirmed a departure in the form of a stay of execution, stating:

> The listed factors justifying mitigation or aggravation focus primarily on the degree of the defendant's culpability. The justification given by the trial court focused more on defendant as an individual and whether the presumptive sentence would be best for him and for society. In

*State v. Garcia,* 302 N.W.2d 643 (Minn. 1981), the first decision of this court interpreting the Sentencing Guidelines, we upheld an upward departure (longer sentence and refusal to stay execution) based on strong evidence that the defendant in that case had treated the victim in a particularly cruel way and that the defendant was particularly unamenable to probation. To the same effect on unamenability, see *State v. Park,* 305 N.W.2d 775 (Minn.1981). This is the other side of unamenability to probation—that is, defendant is particularly unamenable to incarceration and particularly amenable to individualized treatment in a probationary setting.

310 N.W.2d at 462.

In *Trog,* we stated, "Numerous factors, including the defendant's age, his prior record, his remorse, his cooperation, his attitude while in court, and the support of friends and/or family are relevant to a determination whether a defendant is particularly suitable to individualized treatment in a probationary setting." 323 N.W.2d at 31. Although the trial court did not use the language of these cases, the court apparently was relying on the approach of the cases.

In this case, the defendant could have insisted on execution of sentence, which would have been 1 year and 1 day in prison, with release from prison after 8 months. Instead, he accepted the probationary sentence, which in effect means that he will have to spend (according to the trial court) about 10 months in jail and will have to participate in a treatment program, will have to make restitution, and will be subject to probationary supervision for up to 10 years. One of the factors which apparently motivated defendant to accept the harsher probationary sentence was a financial factor: his desire to continue working on work release so that he could help pay the bills and keep his family together. While it is true that social and financial factors may not be directly considered as reasons for departure, occasionally they bear indirectly on a determination such as whether a defendant is particularly suitable to treat-

ment in a probationary setting. That is the case here.

Affirmed.