**STATE of Minnesota, Appellant,**

v.

**Arthur Robert MALINSKI, a/k/a Benjamin Robert Molinski, Benjamin Robert Malinski, and Arthur R. Malenski, Respondent.**

No. C6–84–982.

Court of Appeals of Minnesota.

Aug. 14, 1984.

Review Denied Oct. 16, 1984.

Hubert H. Humphrey, III, Atty. Gen., Jan Craig Nelson, Redwood County Atty., Redwood Falls, for appellant.

C. Paul Jones, Minn. State Public Defender, Mark F. Anderson, Asst. State Public Defender, Minneapolis, for respondent.

Considered and decided by POPOVICH, C.J. and PARKER, and CRIPPEN, JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

This is an appeal by the state from a dispositional departure by the trial court in the form of a stay of execution of sentence when the Minn. Sentencing Guidelines prescribe execution of sentence. The state also contends the trial court erred in not departing upward from the presumptive durational sentence. We affirm.

## FACTS

From October 22, 1983 to December 22, 1983, respondent Arthur Robert Malinski, age 27, used a stolen Visa credit card to make purchases in 14 counties on at least 196 occasions, taking a total sum of $6,060.40. About $1,900.00 in stolen merchandise was recovered when respondent was arrested.

Respondent pled guilty to possession of stolen property, Minn.Stat. § 609.53(1)(1) (Supp.1983), and theft by credit card, Minn. Stat. § 609.52(2)(3)(c) (1982) and (3)(5) (Supp.1983).

The pre-sentence investigation shows respondent has a long criminal history, including six prior felonies (two convictions of forgery, escape, failure to return to confinement, auto theft, and receiving stolen property) and numerous prior misdemeanors (fraud in use of a credit card, possession of stolen property, possession of a restricted weapon, and escape). The presumptive sentence under Minn. Sentencing Guidelines was a 57 month executed sentence (severity level V, criminal history of six or more, plus three months) for the possession of stolen property offense and 44 months concurrent executed sentence (severity level III, criminal history of six or more, plus three months) for theft by credit card. The pre-sentence report recommended the sentence be executed.

The trial court imposed a 57 month sentence for possession of stolen property, but stayed execution for five years with the following probation conditions: (1) full restitution to the victims; (2) 76 days in jail with credit given for the 76 days served

while awaiting sentencing; (3) one hundred hours of public service work; (4) personal meetings with the trial court judge on the first Monday of each month for six months; and (5) residence in Redwood County unless specific approval is given by the trial court.

As to the theft offense, the trial court departed upward durationally by giving respondent a concurrent 57 month sentence, but also stayed execution of it for five years with the same probationary conditions as attached to the possession of stolen property offense. By supplemental order, the trial court also has provided as an additional condition of probation that respondent submit to such psychiatric or psychological examination as may be deemed advisable by the Western Human Development Center at Marshall, Minnesota.

The trial court filed a lengthy report which showed consideration of numerous factors to justify departure. Summarizing, those factors are:

1. Past incarceration has failed to correct respondent's conduct. The court added: "The court is satisfied that (imprisonment) ... at this time ... will serve only to substantially defer the likelihood that the defendant will become a productive member of society and will likely entrench the defendant further into the life of criminal conduct."

2. Rehabilitative factors exist which could make respondent a useful citizen in the long run: he has plans to marry and reside in a stable rural setting; his fiancee is due to have their child shortly; and respondent has a job. The court stated: "[T]he court believes that placing the defendant on probation will most likely ensure that defendant will become a productive member of society."

3. Respondent has not physically harmed anyone despite his long criminal history and he presents no danger if given a chance to contribute to society.

4. Restitution can be made to the victims.

5. Face-to-face contact between respondent and the trial judge will be made

monthly for six months so that the judge can monitor respondent's adjustment.

6. Probation revocation will result if respondent fails to honor the probation conditions.

## ISSUES

1. Do the circumstances of the case involve substantial and compelling circumstances to justify a dispositional departure from the presumptive sentence under the Minn. Sentencing Guidelines?

2. Did the trial court abuse its discretion in durational aspects of its sentence?

## ANALYSIS

■ The trial court has authority to depart from a presumptive sentence, provided that the court finds the offense involves "substantial and compelling circumstances." *State v. Garcia*, 302 N.W.2d 643 (Minn.1981); Section II.D, Minn. Sentencing Guidelines; Rule 27.03(4)(C), Minn.R. Crim.P. When those circumstances exist, a departure will be modified only when an appellate court upon review is prompted to have a "strong feeling" that the sentence is inappropriate to the case. *State v. Schantzen*, 308 N.W.2d 484, 487 (Minn.1981).

Departure is authorized only when unusual circumstances of the case make it "more appropriate, reasonable, and equitable than the presumptive sentence." Section II.D, and Comment II.D.01. We are mindful of the expectation in the Minn. Sentencing Guidelines that departure will occur in "a small number of cases." Comment II.D.01.

1.

■ The substantial and compelling circumstances justifying departure by staying a sentence include a finding that a defendant is particularly amenable to correction on probation and unamenable to correction by imprisonment. *State v. Heywood*, 338 N.W.2d 243 (Minn.1983). In *State v. Hennessy*, 328 N.W.2d 442 (Minn.1983) departure for probation was affirmed where the sentencing court felt the defendant, a 24 year old man with an extensive record of

non-violent property offenses, could be rehabilitated without being confined in prison, and that the risk of placing him on probation was significantly outweighed by evidence that he was finally motivated to try to rehabilitate himself and had found the right program to help him.

■ The sentencing court here has identified sufficient factors to show the defendant is amenable to supervision rather than imprisonment. The judge observed that the respondent was not violent and posed no physical danger to the community. The potential for a stable homelife was also given weight. By permitting respondent to take a job, restitution to the victims becomes possible. Respondent will be under supervision for five years and if he violates a probationary condition he can be ordered to prison to serve a 57 month sentence.

The sentencing judge took account of the prior incarceration of the defendant and the worth of an alternative action to deal effectively with him. In his analysis of sentencing choices, the trial judge concluded:

> It is the position of the court that if the defendant is to be a productive member of society, that now is the time that he be made aware that the court desires to give him an opportunity to prove himself and to prove to society as a whole that he can be a contributing member of society rather than a leech upon it. He is almost 27 years of age, yet in his entire adulthood he has not had a realistic opportunity to experience normal living as is available to the great majority of our society. It is the position of the court that the defendant has reached a very critical stage in his life, and that if the defendant is ever to change his life around so as to be free of criminal conduct, now is the time.

The judge solidified his reasoning by choosing to involve himself in continuing personal contacts with the defendant.

While the sentencing decision is a serious departure from the guidelines, the factors identified and carefully considered by the trial court establish a lawful basis for departure and eliminate the "strong feeling" of error needed to justify substitution of our judgment for that of the sentencing court.

The state contends the sentencing court erred in overlooking the prior adjustment failures of defendant, and in rejecting a probation officer's prediction that defendant would revert to unlawful behavior. Indeed, a finding of amenability is commonly premised on patterns of behavior. One who is observably yielding, easily managed, is amenable to probation. However, amenability may also be premised on timely observation of motive to reform. *See Hennessy, Id.*

Finally, the state argues that the trial court erred by considering "human factors" and "social factors" that "should not be used to justify departure according to Minn. Sentencing Guidelines, Section II. D.1.

■ The Minnesota Supreme Court has indicated that when justifying a dispositional departure, "the trial court can focus more on the defendant as an individual and on whether the presumptive sentence would be best for him and for society." *State v. Heywood, Id.* at 244 (Minn.1983). As stated in *State v. Trog*, 323 N.W.2d 28, 31 (Minn.1982), "numerous factors, including the defendant's age, his prior record, his remorse, his cooperation, his attitude while in court, and support of friends and/or family, are relevant to a determination whether the defendant is particularly suitable to individualized treatment in a probationary setting." *See State v. Clemmer*, 328 N.W.2d 739 (Minn.1983).

In *State v. King*, 337 N.W.2d 674 (Minn. 1983), the trial court stayed execution of a presumptively executed prison term. The defendant desired to continue working to help pay the bills and keep his family together. The court stated, "while it is true that social and financial factors may not be directly considered as reasons for departure, occasionally they bear indirectly on a determination such as whether a defendant

is particularly suitable to treatment in a probationary setting." *Id.* at 675, 676.

### 2.

 The state also contends the trial court abused its discretion in failing to depart durationally. The trial court did depart upward on the theft offense by 13 months (57 months rather than the presumptive 44 month sentence). The state's brief contends the theft by credit card offense was a major economic offense justifying a durational departure. Only rarely will a Minnesota appellate court interfere with choices against departure from the guidelines. *State v. Sherwood*, 341 N.W.2d 574 (Minn.Ct.App.1983). In light of the fact that the actual sentence was a departure, we conclude there is no merit in the argument of the state for a sentence of longer duration.

### DECISION

The trial court did not err in granting a dispositional departure and placing respondent on probation.

**Affirmed.**