**STATE of Minnesota, Appellant,**

v.

**Ronald Keith HALVERSON, Respondent.**

**No. CX–85–848.**

Court of Appeals of Minnesota.

Aug. 27, 1985.

Hubert H. Humphrey, III, State Atty. Gen., St. Paul, Robert F. Carolan, Dakota County Atty., Robert R. King, Jr., Asst. County Atty., Hastings, for appellant.

C. Paul Jones, State Public Defender, Ann Remington, Asst. Public Defender, Minneapolis, for respondent.

Considered and decided by POPOVICH, C.J., and FOLEY and LESLIE, JJ., with oral argument waived.

OPINION

LESLIE, Judge.

This is a sentencing appeal. The State challenges a stay of execution given the defendant while defendant contends the prohibition against multiple sentencing for a single behavioral incident was violated. We affirm but modify the sentence.

## FACTS

In return for dismissal of several similar counts, Ronald Halverson pleaded guilty to three counts of receiving stolen property, one count of theft/altering serial numbers, and one count of unlawful possession of cocaine. The charges stemmed from Halverson's involvement in "stripping" stolen cars and distributing the parts to other "fences." Evidence obtained in a search of his premises showed that he had three separate Minnesota driver's licenses, lists of names, birthdates, death dates and burial places of different males who died at young ages (apparently used to obtain aliases), a box with over 40 sets of keys for 40 new vehicles, VIN plates, numerous automobile parts, and an address book with numbers of individuals previously convicted or indicted for automobile theft.

At sentencing the trial court found the automobile related convictions were all different offenses and did not involve a single behavioral incident. Sentencing was pursuant to *State v. Hernandez*, 311 N.W.2d 478 (Minn.1981) as follows:

Count I. Receiving stolen property (1983 Chevrolet, stolen from Merit Chevrolet in Maplewood on August 25, 1983). Imposition was stayed; defendant was placed on probation for 21 months.

Count II. Receiving stolen property (1983 Chevrolet, stolen from Main Motors in Maplewood on May 9, 1983). Imposition was stayed; defendant was placed on probation for 26 months.

Count IV. Receiving stolen property (1980 Ford, stolen from Prestige Lincoln-Mercury in Minneapolis on October 4, 1982). Imposition was stayed; defendant was placed on probation for 30 months.

Count III. Theft/altering serial number (1983 Chevrolet, stolen from Harold Chevrolet in Bloomington on December 16, 1982). Defendant was sentenced to 34 months imprisonment, execution was stayed, and defendant was placed on supervisory probation for five years. The terms of probation included: (1) Defendant served one year in jail with work release conditioned on his continued employment with his present employer. The work release agreement required defendant to, among other things, confine release activities to employment, consume no intoxicating liquor or non-prescription drug, and voluntarily submit to a chemical test at any time when requested, and reimburse Dakota County Jail for room and board for $6.00 per day. (2) Defendant undergo a chemical dependency assessment and carry out the recommendations. (3) Pay restitution to victims in all eight counts involving property theft. (4) Pay $500.00 to the Public Defender Fund. (5) Carry out the terms, conditions, and the probation agreement with the Department of Corrections, including restrictions on associations with any party who may lead defendant into criminal activity. (6) Reporting in person to probation officer on a monthly basis.

Defendant was also subject to the usual conditions, such as obeying all laws, replying promptly to his probation officer, keeping the probation officer informed of his employment and residence, and obtaining permission from the probation officer before leaving the state.

Count IX. Possession of cocaine. Imposition was stayed and defendant was placed on probation for 15 months.

The trial court believed it was departing dispositionally by staying execution on Count III. The court gave the following reasons for its "departure":

My rationale in doing what I have done is as follows: Firstly, there is no previous serious involvement with the law. I'm aware of the marijuana problem. You do seem amenable to probation. Secondly, the course of action which I have chosen provides for some compensation to the Public Defender which would not otherwise be the case were you to be imprisoned. Obviously you would not be able to repay anything to those victims in prison. You would not be able to make any restitution into the Public Defender's Fund for the excellent defense which you have been given in this matter. Moreover, you're able, as a

third reason, to continue to support your daughter and to maintain a paternal relationship with her which would otherwise not be possible. Fourth, the Court is led to believe that the Sentencing Guidelines Commission is in some quandry as to the appropriate results in exactly this kind of situation. Obviously you're certainly not unblemished by crime or you wouldn't be here in the first place. It does seem however, rather illogical that the person who took the vehicles in question would receive a lesser sentence than the person who received them. It would seem that some aspect of the philosophy and thinking of the Sentencing Guidelines would be out of sync. Moreover, I think the sentencing is in accord with the policy of the Sentencing Guidelines in this case. I note the Comment II C.O.1 "The dispositional policy adopted by the Commission was designed so that scarce prison resources would primarily be used for serious person offenders and community resources would be used for most property offenders."

To a large degree I believe in what I have done that I have followed the philosophy of the Sentencing Guidelines even though this may be a dispositional departure. I like to believe, and I do believe, that the intent of the law is to make sure that the person who has erred changes their ways and I have tried to fashion the sentence in that way. If properly and faithfully carried out, it is not an easy one, but it does take the road back to being a responsible citizen in our society and I believe that is the end of the law in hopefully what I have done.

The State challenges the "dispositional departure" and Halverson challenges the sentence as a violation of the single behavioral incident prohibition of Minn.Stat. 609.035 (1984).

## ISSUES

1. Did the trial court err in determining that the offenses did not constitute a single behavioral incident?

2. Did the trial court abuse its discretion by placing defendant on probation?

## ANALYSIS

### I.

■ The stolen property here involved separate thefts from different victims at different times. The fact that Halverson had possession of the items at the same time when a search warrant was later executed does not change the offenses into a single behavioral incident for purposes of Minn.Stat. § 609.035. *See State v. Wybierala,* 305 Minn. 455, 235 N.W.2d 197 (1975).

### II.

■ The trial court, prosecutor, defense counsel, and appellate counsel all assumed Count III, theft/altering serial number, was a severity level VI offense. With defendant's criminal history score of 3 (generated by the *Hernandez* method of sentencing) they assumed the presumptive sentence was 34 months, executed. However, theft/altering serial number, Minn.Stat. 609.52, subd. 2(11) is a severity level IV offense. *See* Minnesota Sentencing Guidelines, Felonies. As such, the presumptive sentence for Count III was *21 months, execution stayed.* There was no downward dispositional departure.

The district court file shows that defendant's prior record included a possession of marijuana offense on April 18, 1983 in Steele County, with a disposition of "0–3 yr., stay of adj." The clerk of Steele County District Court confirmed that defendant was given a stay of adjudication under Minn.Stat. § 152.18. There is no indication this offense, or the fact defendant was under supervision when he committed the instant offenses, was used by the trial court here in determining defendant's criminal history score. This would not have been proper since there is no adjudication of guilt. Minnesota Sentencing Guidelines II.B.1. Inasmuch as the sentence followed the guidelines, we find no error in staying execution of the theft/altering serial num-

ber offense. The record should reflect the correct duration is 21 not 34 months.

### III.

The dissent, although recognizing the presumptive sentence was a stayed sentence, contends that the trial court should have dispositionally departed upward and sent defendant to prison.

We find no authority supporting the argument that the trial court abused its discretion in sentencing defendant to the presumptive guideline sentence. To the contrary the Supreme Court, in the case of *State v. Kindem*, 313 N.W.2d 6 (Minn. 1981), states that it is a rare case which warrants interference with a presumptive sentence:

> Minn.Stat. § 244.11 (1980) permits the appeal in this case and we do not intend entirely to close the door on appeals from refusals to depart. However, we believe that it would be a rare case which would warrant reversal of the refusal to depart. As we stated in *State v. Garcia*, 302 N.W.2d 643, 647 (Minn.1981), the Guidelines state that when substantial and compelling circumstances are present, the judge 'may' depart. This means that the trial court has broad discretion and that we generally will not interfere with the exercise of that discretion.

*Id.* at 7. *See also State v. Back*, 341 N.W.2d 273, 275 (Minn.1983); *State v. Abeyta*, 336 N.W.2d 264, 265 (Minn.1983); *State v. Sherwood*, 341 N.W.2d 574, 577 (Minn.Ct.App.1983).

In addition, the dissent urges a position not even raised by the State in this appeal, i.e. that a sentence other than the presumptive guideline sentence should have been given. "The discretion to depart or not to depart is for the trial court to exercise." *State v. Pickett*, 358 N.W.2d 38, 39 (Minn. 1984). It is not the function of the reviewing court to second guess and substitute its judgment for that of the trial court. The trial court obviously chose not to dispositionally depart upward; in fact, the trial court believed it was dispositionally departing downward when it stayed execution of the sentence. There are no Minnesota appellate cases reversing a trial court's presumptive sentence.

■ The confidential report from the probation officer recommended aggravating the sentence. However, the probation officer's report is not determinative and the trial court is under no requirement to follow the recommendation. *See State v. Park*, 305 N.W.2d 775, 776 (Minn.1981). Sentencing is a judicial function, not a probationary officer's function.

Finally, we note the dissent complains about leniency of the sentence. In response, we note that the prosecutor did not consolidate the offenses into one count as in *State v. Carr*, 361 N.W.2d 397 (Minn. 1985), but rather charged separate counts. Thus defendant's sentence was thereby enhanced using the *Hernandez* method of computing criminal history scores, and which could be reflected in any future criminal conduct. In addition, defendant was sentenced to jail and was placed on probation for five years, subject to numerous strict conditions previously stated, including restitution, which is particularly encouraged in property crimes. *See* Minn. Stat. § 609.135 (1984).

### DECISION

Halverson's sentence did not violate the single behavioral incident prohibition. The trial court did not err in staying execution of his sentence for theft/altering serial number, but the record should reflect that theft/altering was a severity level IV offense and the presumptive sentence, based on a criminal history of 3, is 21 months, execution stayed.

Affirmed as modified.

FOLEY, Judge (dissenting).

I respectfully dissent.

The trial court should have departed dispositionally from the presumptive sentence. Minnesota Sentencing Guidelines § I.4. To grant probation here is a departure which defies logic and ignores reality. Halverson pled guilty to three counts of receiving

stolen property, one count of theft/altering serial numbers, and one count of unlawful possession of cocaine.

The plea was in return for dismissing several similar counts. Evidence obtained in searching his premises included multiple-identity driver's licenses, at least 40 sets of keys for new automobiles, and an address book replete with numbers of individuals previously convicted or indicted for automobile theft. Clearly, Halverson is a person deeply involved in organized criminal activity.

There were "substantial and compelling circumstances" here to prompt the trial judge's departure from sentencing guidelines and incarcerate.

The trial court reasoned that if Halverson were on probation he could make restitution payment to both the Public Defender's office and his victims. In addition, he could support his daughter and maintain a paternal relationship with her which would otherwise not be possible. I find these reasons neither sufficiently substantial nor compelling to support probation.

Furthermore, the guidelines specifically indicate that employment at the time of sentencing is a factor that should not be considered. Minnesota Sentencing Guidelines § II.D.1.c.(4). However, the court here apparently looked with favor on the fact that Halverson had obtained a job since his arrest. This factor is irrelevant in applying the guidelines.

The listed factors justifying aggravation of sentencing guidelines primarily focus on the defendant's culpability. *State v. Wright*, 310 N.W.2d 461, 462 (Minn.1981).

The trial court's focus here was on the defendant as an individual. However, there is nothing in the record to indicate any special disposition to probationary treatment. On the contrary, the defendant was already on probation when he was arrested for the crimes to which he pled guilty. The court merely noted that the defendant is amenable to probation. This is a statement lacking substance. Most defendants facing sentencing are amenable

to probation, a fact which of itself, hardly justifies probation.

Granting probation on these facts can only have a chilling effect on law enforcement officers' efforts to disrupt stolen property cabals and curb fencing operations. At the very least, sentencing on Count III should have been executed.

I reject the suggestion that we blindly adhere to the trial court's exercise of discretion, when that discretion has been grossly abused, as demonstrated here.

I would reverse and remand for sentencing to incarcerate.