PAGE, Justice
(dissenting).
I disagree with the court that the trial court abused its discretion by departing from the presumptive sentence under the Minnesota Sentencing Guidelines and staying appellant’s 12-year prison sentence for first-degree criminal sexual conduct.
“We afford the trial court great discretion in the imposition of sentences and we cannot simply substitute our judgment for that of the trial court.” State v. Spain, 590 N.W.2d 85, 88 (Minn.1999). While a court may depart from the Minnesota Sentencing Guidelines “only when substantial and compelling circumstances are present,” Taylor v. State, 670 N.W.2d 584, 587 (Minn.2003) (citing Minnesota Sentencing Guidelines II.D), “[a] [trial] court’s decision to depart from the sentencing guidelines is -within that court’s discretion, and will not be disturbed absent an abuse of discretion.” State v. Misquadace, 644 N.W.2d 65, 68 (Minn.2002) (citing State v. Schmit, 601 N.W.2d 896, 898 (Minn.1999)). A trial court’s departure constitutes an abuse of discretion if “ ‘the reasons given are improper or inadequate and there is insufficient evidence of record to justify the departure.’ ” State v. McIntosh, 641 N.W.2d 3, 8 (Minn.2002) (quoting Williams v. State, 361 N.W.2d 840, 844 (Minn.1985)). Here, the reasons given by the trial court for its departure are neither improper nor inadequate and there is sufficient evidence in the record to justify the departure.
We have previously held that “a defendant’s particular amenability to individualized treatment in a probationary setting will justify departure in the form of a stay of execution of a presumptively executed sentence.” State v. Trog, 323 N.W.2d 28, 31 (Minn.1982); see also State v. Wright, 310 N.W.2d 461, 462-63 (Minn.1981). In this case, the trial court’s “sole reason” for departing from the presumptive disposition was Soto’s “amenability to probation.” The court asserts that “Soto’s mere ‘amenability to probation,’ as articulated by the [trial] court, does not rise to the level of what we have previously held to justify a departure from the guidelines” — namely, particular amenability to probation. It should be noted here that we have not required a trial court to specifically state that a defendant is particularly amenable to probation in order to justify departure. See, e.g., State v. Hennessy, 328 N.W.2d 442, 443 (Minn.1983) (affirming the trial court’s stay of execution of the defendant’s presumptive sentence, notwithstanding the fact that “[t]he sentencing judge did not use the language that we used in Trog and Wright ” regarding particular amenability to probation); State v. King, 337 N.W.2d 674, 675 (Minn.1983) (“Although the trial court did not use the language of these cases, the court apparently was relying on the approach of the cases.”). In any event, neither our precedent nor the court actually suggest that amenability to probation was an improper reason for the trial court to depart from the presumptive disposition.
The court also does not suggest that the factors considered by the trial court in assessing Soto’s amenability to probation were impermissible or irrelevant. A significant factor in the trial court’s determination that Soto was amenable to probation was the diagnostic assessment from the Upper Mississippi Mental Health Cen *316 ter. The court recognizes that “such assessments, like presentence investigations, can contain useful information for determining whether a defendant is particularly amenable to probation.” Moreover, the court acknowledges that the assessment’s recommendation that Soto was an “appropriate candidate” for outpatient treatment provided “some support” for the trial court’s decision to depart from the presumptive disposition, even if the recommendation was not sufficient in itself to support departure.
The trial court also considered Soto’s age, criminal history, attitude while in court, and family support. As we previously recognized in Trog, and as the court recognizes here, such factors are relevant to a defendant’s amenability to probation. 323 N.W.2d at 31 (“Numerous factors, including the defendant’s age, his prior record, his remorse, his cooperation, his attitude while in court, and the support of friends and/or family, are relevant to a determination whether a defendant is particularly suitable to individualized treatment in a probationary setting.”). The court acknowledges that the trial court did not improperly rely on Soto’s criminal record to justify mitigation “by itself,” instead considering Soto’s record “as evidence that supported the district court’s ‘belief that [Soto] [could] correct some of [his] behaviors.’ ” Similarly, the court recognizes that a defendant’s attitude in court and status as a father can properly be considered in the context of determining amenability to probation. The court also determines that, “on the record before us, we cannot reject the [trial] court’s determination that Soto had ‘some family support.’ ”
In sum, the trial court relied on factors that had a basis in the record and that are recognized by this court as permissible, “potentially relevant” considerations in determining that Soto was sufficiently amenable to probation to justify a dispositional departure. The fact that members of our court would have placed different weight on these factors individually or collectively, and would have considered additional factors previously deemed relevant but not required,[1] does not warrant a determination that the trial court abused the broad discretion granted to it in imposing sentences. While another trial court or the members of our court might have arrived at a different conclusion, that alone does not make this situation the “‘rare case’ warranting our intervention with the [trial] court’s discretion.” State v. Bertsch, 707 N.W.2d 660, 668 (Minn.2006). In effect, here, the court improperly “substitute^] [its] own judgment for that of the trial court.” Spain, 590 N.W.2d at 88.
For these reasons, I respectfully dissent.

. In assessing whether the trial court abused its discretion by departing from the guidelines, the court "note[s] in particular that the record contains no findings regarding either Soto’s culpability in the assault or whether public safety would be served by putting Soto on supervised probation.” As the court recognizes, we have not previously required that a trial court address these factors in determining whether a dispositional departure is justified, but have only indicated that such factors are relevant considerations. See, e.g., State v. Heywood, 338 N.W.2d 243, 244 (Minn.1983) ("[W]hen justifying only a dispo-sitional departure, the trial court can focus more on the defendant as an individual and on whether the presumptive sentence would be best for him and for society.” (second emphasis added)).