*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0021
A16-0022**

State of Minnesota,
Appellant,

vs.

John Porter Jackson,
Respondent.

**Filed June 27, 2016
Reversed and remanded
Peterson, Judge**

Ramsey County District Court
File Nos. 62-CR-15-4733, 62-CR-15-5237

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Laura S. Rosenthal, Assistant County Attorney, St. Paul, Minnesota (for appellant)

Cathryn Middlebrook, Chief Appellate Public Defender, John C. Donovan, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Schellhas, Presiding Judge; Peterson, Judge; and Reyes, Judge.

## UNPUBLISHED OPINION

**PETERSON**, Judge

In these consolidated sentencing appeals from orders that imposed sentences for two

convictions that arose out of separate incidents, appellant State of Minnesota argues that

the district court abused its discretion when it granted respondent John Porter Jackson's motions for dispositional departures. We reverse and remand.

## FACTS

On June 24, 2015, St. Paul police were investigating a shots-fired call. Jackson approached the officers and claimed that he had been assaulted. Police found two businesses with broken windows, and a witness identified Jackson as the person who broke the windows. Jackson was charged with first-degree criminal damage to property.

On July 10, 2015, St. Paul police responded to a call about a burglary at an electronics store. A witness who saw a man enter the store and leave less than a minute later described the man to police. Officers stopped a man who matched the description and identified him as Jackson. Jackson had an electronic tablet in his pocket. The witness identified Jackson as the person who entered the store, and a surveillance video confirmed the identification. Jackson was charged with second- and third-degree burglary.

Jackson entered *Norgaard* guilty pleas[1] to criminal damage to property and third-degree burglary.

On October 1, 2015, Jackson was sentenced for the third-degree burglary conviction. He requested a dispositional departure, citing the responsibility he took for his

---

[1] "A plea constitutes a *Norgaard* plea if the defendant asserts an absence of memory on the essential elements of the offense but pleads guilty because the record establishes, and the defendant reasonably believes, that the state has sufficient evidence to obtain a conviction." *Williams v. State*, 760 N.W.2d 8, 12 (Minn. App. 2009) (citing *State ex rel. Norgaard v. Tahash*, 261 Minn. 106, 111-12, 110 N.W.2d 867, 871 (1961)), *review denied* (Minn. Apr. 21, 2009).

actions, his cooperation by pleading guilty, and his need for mental-health and chemical-dependency treatment. The district court noted that the sentencing guidelines stated limited grounds for departure and that the only offender-related ground that Jackson fit was "personal vulnerability" due to mental illness and alcoholism. The court imposed a 27-month sentence but stayed execution and placed Jackson on probation for three years. The court stated that the ground for departure was Jackson's personal vulnerability due to intoxication at the time of the offense.

On October 8, 2015, Jackson was sentenced for the criminal-damage-to-property conviction. The district court imposed a 21-month sentence but granted Jackson's motion for a downward dispositional departure, stayed execution, and placed Jackson on probation for three years. The district court stated:

> The reasons [for the departure] are [Jackson's] personal vulnerability due to being intoxicated at the time of the offense. His amenability to treatment, his cooperation in court, and the fact that I think at this point society is better served to try and get him treatment and some mental health treatment also [rather] than just putting him in prison.

But the district court also stated that it was granting the departure because it had done so in the earlier case and told Jackson, "[W]hen I look at your record it's horrendous and you really better be serious about quitting drinking." Jackson has a criminal-history score of five and a significant history of committing criminal-damage-to-property and burglary offenses while on probation and after completing treatment. His criminal history goes back to 1999 and includes numerous gross misdemeanor and misdemeanor offenses.

The state filed separate appeals challenging both sentences, and this court consolidated the appeals.

## DECISION

An appellate court reviews a district court's sentencing decision for an abuse of discretion. *State v. Soto*, 855 N.W.2d 303, 308 (Minn. 2014). Although the district court has broad discretion at sentencing, that discretion is limited by the Minnesota Sentencing Guidelines, and a district court may only depart from the presumptive sentence when substantial and compelling circumstances are present. *Id.* "If the reasons given [for a sentencing departure] are improper or inadequate and there is insufficient evidence of record to justify the departure, the departure will be reversed." *State v. Geller*, 665 N.W.2d 514, 516 (Minn. 2003) (quotation omitted).

As support for a dispositional departure, a defendant must show "particular amenability to individualized treatment in a probationary setting." *Soto,* 855 N.W.2d at 308 (emphasis omitted); *State v. Trog,* 323 N.W.2d 28, 31 (Minn. 1982). Typically, amenability to probation is demonstrated by such factors as "the defendant's age, his prior record, his remorse, his cooperation, his attitude while in court, and the support of friends and/or family." *Trog,* 323 N.W.2d at 31.

In *Soto,* the Minnesota Supreme Court explained that its

> consistent use of the words "particular" and "particularly" in this context is not accidental. "Particular" means "exceptional" or "distinctive among others of the same group," and "particularly" means "especially" or "specifically." By requiring a defendant to be *particularly* amenable to probation, therefore, we ensure that the defendant's amenability to probation distinguishes the defendant from most others and

4

> truly presents the "substantial[] and compelling circum-
> stances" that are necessary to justify a departure. At the same
> time, insisting on particular amenability to probation limits the
> number of departures and thus fosters uniformity in sentencing,
> which is a primary purpose of the Sentencing Guidelines.

855 N.W.2d at 309 (citations omitted).

Given Jackson's numerous previous offenses and history of reoffending while on probation and following treatment, the record does not support a finding of particular amenability to probation. Information in the presentence investigation report and the district court's own statement at the second sentencing hearing about Jackson's "horrendous" record indicate that Jackson is not particularly amenable to treatment, and the district court did not identify, and we have not found, any facts in the record that demonstrate that Jackson is likely to get control of his alcohol problem. Jackson testified at the October 8 sentencing hearing that he wants to quit drinking, but he did not identify any plan for doing so that he has in place. *See State v. Hennessy*, 328 N.W.2d 442, 442-43 (Minn. App. 1983) (affirming dispositional departure when, although defendant had criminal-history score of seven, he had not previously been adequately supervised outside of prison setting, and he had been admitted to highly structured treatment program and appeared motivated to control his drinking problem).

Also, the sentencing guidelines include a nonexclusive list of factors that may be used as reasons for departure, which explicitly addresses intoxication. Included on the list of mitigating factors is that "[t]he offender, because of physical or mental impairment, lacked substantial capacity for judgment when the offense was committed. The voluntary

5

use of intoxicants (drugs or alcohol) does *not* fall within the purview of this factor." Minn. Sent. Guidelines 2.D.3.a.(3) (2015) (emphasis added).

Because the record does not support a finding of particular amenability to individualized treatment in a probationary setting, we reverse Jackson's sentences and remand for resentencing.

**Reversed and remanded.**