STATE of Minnesota, Respondent,

v.

Ricardo Duane SOLOMON, Appellant.

No. C8–83–696.

Supreme Court of Minnesota.

Dec. 7, 1984.

Alan G. Greenberg, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Tom Foley, Ramsey County Atty., Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

KELLEY, Justice.

Defendant was charged with one count of aggravated robbery and one count of attempted aggravated robbery, Minn.Stat. §§ 609.05, 609.11, 609.17, and 609.245 (1982). The jury found defendant not guilty of the charge of aggravated robbery but guilty of the charge of attempted aggravated robbery. But for section 609.11,

the presumptive sentence for the offense of conviction would have been an executed prison term of 1 year and 1 day (half the presumptive sentence for the completed offense of aggravated robbery by a person with a criminal history score of zero). Minnesota Sentencing Guidelines and Commentary II.G. (1982). However, pursuant to section 609.11 and II.E. of the Guidelines, the presumptive sentence was an executed prison term of 54 months, the Guidelines equivalent of a 3-year minimum term.[1] The trial court, concluding that there were no mitigating circumstances present that would justify any downward departure, sentenced defendant to 54 months in prison but stayed execution of the prison term pending this appeal. On appeal, defendant seeks (1) an outright reversal of his conviction because the evidence clearly established that he committed the offense of aggravated robbery and therefore the lessor offense of attempted aggravated robbery should not have been submitted to the jury, or (2) a remand for resentencing because the trial court erred in concluding that no mitigating circumstances were present and that it did not have discretion to depart. We affirm.

1. Defendant's first contention is that his conviction should be reversed outright because the evidence showed that he committed the completed offense of aggravated robbery rather than just attempted aggravated robbery.

The charges were based on defendant's participation, with two accomplices, in the armed taking or attempted taking of money from the clerk of the Brooks Superette in Mounds View on the evening of February 10, 1982. While defendant's accomplices waited outside, defendant went in, pulled a gun on the clerk and, after ordering her to open the cash register, took the cash drawer. As defendant turned to leave with the money, he saw police outside. He dropped the money, discarded the gun, then went outside and was arrested as he tried to flee the scene. His accomplices

1. The issue of whether defendant is entitled to a reduction of the sentence duration from 54 months to 36 months pursuant to the 1983 amendments to the Guidelines is not before us.

drove off in the get-away car but were caught and arrested also. Defendant confessed to the police.

■ We agree with defendant that the state's evidence, if believed, established the completed offense of aggravated robbery. One of the elements of robbery is the element of "taking or carrying away" of property. Defendant's control or dominion over the money was complete, if only for a few seconds, once the money was in his hands; the fact that the control or dominion did not last long does not make any difference. *State v. King*, 296 Minn. 306, 208 N.W.2d 287 (1973); *State v. Maddaus*, 137 Minn. 249, 163 N.W. 507 (1917).

■ On the other hand, the prosecution was fully justified in also charging defendant with attempted aggravated robbery, because it knew that it was possible that the jury, being composed of nonlawyers, might have trouble concluding that defendant's brief holding of the money constituted a "taking." Arguably, defendant would have been entitled to have only the completed offense submitted to the jury if he had so requested. This is because (a) in submitting necessarily included offenses the trial court should be guided by the principles of section 609.04, not by whether or not the state has charged the defendant with the included offenses in separate counts, *State v. Koonsman*, 281 N.W.2d 487 (Minn.1979), and (b) under the test of *State v. Leinweber*, 303 Minn. 414, 228 N.W.2d 120 (1975), the court generally should submit included offenses only if the evidence is such that the jury *rationally* could acquit the defendant of the charged offense and find him guilty of the included offense (something that presumably was not so in this case). However, defendant apparently did not object to the submission of the lesser-included offense (that is, the charged included offense of the attempted aggravated robbery) and therefore should not be heard to complain about its submission. Further, any error in submitting the attempt charge presumably benefited defendant, because under his reasoning he was convicted of a lesser offense when the jury, if acting rationally and according to law, should have convicted him of a greater offense. The argument that he should benefit further from the error by being released outright from any criminal liability for his conduct is obviously without merit.

■ This same argument has been raised in other jurisdictions. *See, e.g., Lightfoot v. State*, 278 Md. 231, 360 A.2d 426 (1976), holding that where a defendant is charged with both robbery and attempted robbery and he is acquitted of the robbery charge and convicted of the attempted robbery charge, the attempt conviction may stand even though the state's evidence clearly established that the defendant committed the completed offense of robbery. That the same result should hold in Minnesota is made clear, if it is not already clear from the foregoing, by the Advisory Committee Comment to section 609.17, which states:

> Making [failure to accomplish the intended crime] an element of the crime would require that the state would have to prove beyond a reasonable doubt that the crime was not in fact committed.
>
> Under the recommended section evidence that the crime had been committed would not prevent conviction of the attempt.

Minn.Stat.Ann. § 609.17 (1964) (Advisory Committee Comment, subd. 1). The committee probably contemplated the situation where the prosecutor charged the defendant only with an attempt but the evidence adduced at trial establishes that the defendant in fact committed the completed offense. But the underlying principle— that a defendant convicted of attempt has no cause to complain because the disposition is more favorable than the evidence warranted—is the same.

■ 2. Defendant's other contention is that the case should be remanded for resentencing because the trial court erred in concluding that no mitigating circumstances were present that would support a discretionary dispositional departure. The trial court was aware of the holding of *State*

*v. Olson,* 325 N.W.2d 13 (Minn.1982), that a trial court may sentence without regard to the mandatory minimum term if mitigating circumstances are present. But defendant contends that the trial court erroneously believed that it could not rely on certain factors—specifically, educational and employment factors—in determining whether to depart from the presumptive sentence.

■ The Guidelines list a number of factors that should not be used as reason for departure, including race, sex, employment factors and social factors. Minnesota Sentencing Guidelines and Commentary II. D.1. (1982). But we have also indicated that some of these factors may be indirectly considered in determining whether a defendant is particularly amenable to treatment in a probationary setting. For example, in *State v. Trog,* 323 N.W.2d 28 (Minn. 1982) we stated, "Numerous factors, including the defendant's age, his prior record, his remorse, his cooperation, his attitude while in court, and the support of friends and/or family, are relevant to a determination whether a defendant is particularly suitable to individualized treatment in a probationary setting." *Id.* at 31. And in *State v. King,* 337 N.W.2d 674 (Minn.1983), in upholding a dispositional departure in the form of a stay of execution of a presumptively executed prison term for attempted aggravated robbery, we stated, "While it is true that social and financial factors may not be directly considered as reasons for departure, occasionally they bear indirectly on a determination such as whether a defendant is particularly suitable to treatment in a probationary setting." *Id.* at 675–76.

We are satisfied after reading the sentencing transcript that the trial court was aware of the principles stated in *Trog, King,* and other cases. We base this conclusion not only on the fact that the trial court has been a member of the Sentencing Guidelines Commission but also on the fact that defendant cited *Trog* to the trial court.

Affirmed.