*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1352**

State of Minnesota,
Respondent,

vs.

Cornelius Kinte Payton,
Appellant.

**Filed July 25, 2016
Affirmed
Reilly, Judge**

Stearns County District Court
File No. 73-CR-14-5802

Lori Swanson, Attorney General, Karen B. Andrews, Assistant Attorney General, St. Paul, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Andrea Barts, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Reilly, Presiding Judge; Worke, Judge; and Smith, Tracy M., Judge.

## U N P U B L I S H E D   O P I N I O N

**REILLY**, Judge

        Appellant Cornelius Kinte Payton challenges the sufficiency of the evidence supporting his convictions of aiding and abetting attempted first-degree murder with intent while committing an aggravated robbery (dangerous weapon), aiding and abetting first-degree aggravated robbery (dangerous weapon), and being a prohibited person in

possession of a firearm. Because direct evidence in the record supports appellant's convictions, we affirm.

## FACTS

This action arises from a shooting that occurred in July 2014. T.G. and S.N.-S. agreed to meet with T.S. in a St. Cloud parking lot, where T.G. agreed to sell marijuana to T.S. T.G. and S.N.-S. pulled into the parking lot in T.G.'s car, and T.S. arrived in a truck with appellant and a third man. Appellant and T.S. got into the backseat of T.G.'s car, with T.S. seated behind S.N.-S. and appellant seated behind T.G. T.G. drove to another location and parked the car. As T.G. was weighing the marijuana, he heard a gun load from behind him. Appellant "tapped" T.G. on the head with the gun and ordered T.G. and S.N.-S. to hand him the money, the drugs, and everything in their possession, including a briefcase located in the front seat. Appellant threatened to shoot T.G. and S.N.-S. if they did not comply. T.G. threw the marijuana into the backseat and emptied his pockets, and T.S. searched S.N.-S.'s pockets.

After searching S.N.-S.'s pockets, T.S. got out of the car and walked toward T.G.'s door to get the briefcase out of the front seat. T.G. drove away from T.S. Appellant fired two shots at T.G. and then opened the car door and "bailed from" the car. T.G. estimated the shots were fired a few seconds apart. S.N.-S. testified that appellant fired the first shot when T.G. drove away from T.S., and fired the second shot while T.G. was still driving. T.G. did not recall being hit by a bullet, although he became aware of a "warm sensation" on his neck. T.G. stopped his car and "crawled his way" to the median to sit down. St. Cloud Police Officers arrived and noticed one bullet hole in T.G.'s neck and another bullet

2

hole in the back of his shoulder. T.G. was taken by ambulance to the hospital. Although the injuries were life-threatening, T.G. survived the gunshot wounds. Police officers apprehended appellant and found a handgun, which the Bureau of Criminal Apprehension linked to the cartridge casings found at the scene.

The state charged appellant by amended complaint with aiding and abetting attempted first-degree murder with intent while committing an aggravated robbery (dangerous weapon) (count one); attempted second-degree murder with intent (dangerous weapon) (count two); aiding and abetting first-degree aggravated robbery (dangerous weapon) (count three); second-degree assault of T.G. (count four); second-degree assault of S.N.-S. (count five); and being a prohibited person in possession of a firearm (count six).

Appellant waived his right to a jury trial on (1) the issue of guilt, and (2) the question of whether he used a firearm during the course of the offense for purposes of the firearm-enhancement statute. *See* Minn. Stat. § 609.11, subd. 5(a)(2014); *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004). The matter proceeded to a bench trial and the district court convicted appellant of all six offenses. At sentencing, the district court adjudicated appellant guilty of count one aiding and abetting attempted first-degree murder with intent while committing an aggravated robbery (dangerous weapon); count three, aiding and abetting first-degree aggravated robbery (dangerous weapon); and count six, being a prohibited person in possession of a firearm, but did not adjudicate counts two, four, or five as lesser-included offenses. The presentence investigation report recommended a total aggregate sentence of 301 months. The district court sentenced appellant to 164 months on count one, 111 months on count three, and 60 months on count six. The district court

ordered count one to run consecutive to the sentence imposed for count 3, and ordered counts 3 and 6 to run concurrently to one another, for a total commit of 275 months in prison.

This appeal follows.

## D E C I S I O N

Our review of a sufficiency-of-the-evidence challenge is "limited to a painstaking analysis of the record to determine whether the evidence, when viewed in a light most favorable to the conviction, was sufficient to permit the [fact-finder] to reach the verdict which [it] did." *State v. DeRosier*, 695 N.W.2d 97, 108 (Minn. 2005) (quotation omitted). We assume that the fact-finder "believed the state's witnesses and disbelieved any evidence to the contrary." *State v. Moore*, 438 N.W.2d 101, 108 (Minn. 1989). Inconsistencies in testimony go to witness credibility, which is an issue for the fact-finder. *State v. Pendleton*, 706 N.W.2d 500, 512 (Minn. 2005). A guilty verdict will not be reversed "if, giving due regard to the presumption of innocence and to the prosecution's burden of proving guilt beyond a reasonable doubt, the [fact-finder] could reasonably have found the defendant guilty of the charged offense." *State v. Vang*, 847 N.W.2d 248, 258 (Minn. 2014) (quotation omitted).

Because the gun did not discharge until T.S. got out of the car with the money and the marijuana, and T.G. drove away, appellant asserts that the state failed to prove beyond a reasonable doubt that he fired the gun while committing aggravated robbery. A person commits simple robbery if he "having knowledge of not being entitled to it, takes personal property from the person or in the presence of another and uses or threatens the imminent

4

use of force against any person to overcome the person's resistance or powers of resistance to, or to compel acquiescence in, the taking or carrying away of the property. . . ." Minn. Stat. § 609.24 (2014). A person is guilty of first-degree aggravated robbery if he aids another person in committing a robbery while "armed with a dangerous weapon." Minn. Stat. §§ 609.245, subd. 1, 609.05 (2014). A person is guilty of attempt to commit a crime when he, "with intent to commit [the] crime, does an act which is a substantial step toward, and more than preparation for, the commission of the crime." Minn. Stat. § 609.17, subd. 1 (2014). Minnesota's first-degree felony-murder statute provides that:

> Whoever does any of the following is guilty of murder in the first degree and shall be sentenced to imprisonment for life: . . . causes the death of a human being with intent to effect the death of the person or another, while committing or attempting to commit . . . aggravated robbery. . . .

Minn. Stat. § 609.185(a)(3) (2014).

The Minnesota Supreme Court held that in order to establish the necessary nexus between the murder or attempted-murder and the underlying felony, "the state must prove that the fatal wound was inflicted during the same chain of events [in which the underlying felony took place] so that the requisite time, distance, and causal relationship between the felony and killing are established." *State v. Harris*, 589 N.W.2d 782, 791-92 (Minn. 1999) (quotation and citations omitted). Thus, as long as the underlying felony and the murder "are part of one continuous transaction, it is irrelevant whether the felony took place before, after, or during the killing." *Id.* at 792 (citing *State v. Peou*, 579 N.W.2d 471, 475-76 (1998)).

5

The crux of the dispute revolves around whether the first-degree felony-murder rule applies, that is, whether the attempted murder and the underlying felony, aggravated robbery, occurred during one continuous chain of events. *See State v. Arrendondo,* 531 N.W.2d 841, 844-45 (Minn. 1995). Appellant argues that the state failed to prove beyond a reasonable doubt that he fired the gun during the commission of an aggravated robbery. Appellant asserts two arguments to support his position: first, that the robbery was complete prior to the shooting, and second, that the events were not part of a single, continuous transaction.

**A.**

A person is guilty of attempt when he takes a "substantial step" toward the commission of the crime. Minn. Stat. § 609.17, subd. 1. Appellant argues that the "substantial step" did not occur until appellant fired two shots at T.G., after T.S. got out of the car with the money and the drugs. The district court disagreed, finding:

> [Appellant] did an act that was a substantial step toward, and more than mere preparation for, the commission of that crime based on the testimony that [appellant] pulled out a firearm, told [T.G.] and [S.N.-S.] to give him what they had, pointed a firearm at [T.G.], told [T.G.] that he would shoot him, and fired two shots at [T.G.], which hit [T.G.] in his shoulder and neck.
> . . .

Evidence in the record supports the district court's finding that appellant took several "substantial steps" during the commission of the aggravated robbery by threatening to shoot T.G. and S.N.-S. if they did not comply. T.G. and S.N.-S. testified that appellant "racked" a gun, pointed it at them, and threatened to shoot them if they did not turn over their belongings. T.G. and S.N.-S. also testified that appellant shot T.G. while he was

6

trying to drive away. We assume that the district court, acting as fact-finder, credited this testimony. *See Gulbertson v. State*, 843 N.W.2d 240, 245 (Minn. 2014) (recognizing that a court reviewing the sufficiency of the evidence assumes that the fact-finder believed the state's witnesses).

Moreover, at the time of the shooting, appellant and T.S. were still attempting to rob T.G. of the briefcase, which they believed contained money and drugs. Appellant testified during trial that after T.S. took S.N.-S.'s wallet, appellant noticed the briefcase in the center console and ordered T.S. to get it, at which point T.S. "exited the vehicle from his side and went around to the driver's side" to get the briefcase from T.G. Appellant testified that T.G. put the car into drive "in the midst of [T.S.] talking and trying to get the briefcase." According to S.N.-S.'s testimony, appellant fired the first shot as T.S. struggled to open T.G.'s car door. The district court, as fact-finder, reasonably inferred that the robbery was still in progress when appellant shot T.G. *See State v. Russell*, 503 N.W.2d 110, 114 (Minn. 1993) ("In making its factual determination, the [fact-finder] was entitled to make reasonable inferences from the evidence, including inferences based on their experiences or common sense." (quotation omitted)). The evidence presented at trial was sufficient to permit the district court to convict appellant of aiding and abetting attempted first-degree murder while committing an aggravated robbery.

Appellant relies on *State v. Solomon*, 359 N.W.2d 19, 20 (Minn. 1984), to support his argument that the felony-murder rule cannot apply because the aggravated robbery was complete before he fired the gun. In *Solomon*, the defendant threatened a convenience-store clerk with a gun and took the cash drawer. *Id*. at 20. As the defendant was turning

7

to leave the store, he saw police officers outside and dropped the money, discarded his gun, and fled. *Id.* The supreme court determined that the evidence established the completed offense of aggravated robbery because one of the elements of robbery is the element of "taking or carrying away" property, and the defendant had "control or dominion over the money," if only for a few seconds. *Id.* at 21. Appellant argues that, applying *Solomon*, the "robbery was complete" when T.G. got out of the car with the money and the marijuana and, "[b]y the time [appellant] fired the shots, the aggravated robbery was over." We are not persuaded by this argument. *Solomon* is factually distinguishable because it does not address the issue of whether a murder or an attempted murder occurred during the commission of an aggravated robbery. Moreover, the issue before the *Solomon* court was whether the district court erroneously submitted a lesser-included offense to the jury. *Id.* at 20. Because, here the robbery was ongoing, as T.S. was still trying to obtain the briefcase, *Solomon* is not instructive.

**B.**

Appellant argues that the felony-murder analysis does not apply because the aggravated robbery and the attempted murder were not part of a continuous chain of events. The factual record belies appellant's claim. Appellant pulled the trigger within seconds of T.G. attempting to drive away from T.S., who was opening the driver-side door to steal T.G.'s briefcase. The second shot occurred a few seconds after the first. The events took place during the same time frame, and in the same location—T.G.'s car. Moreover, a "short period of time and short distance between the two crimes are not enough to sever the single chain of events as pertains to the act of the underlying felony." *State v. Darris*, 648 N.W.2d

232, 239 (Minn. 2002) (citing *Harris*, 589 N.W.2d at 793); *see also Arrendondo*, 531 N.W.2d at 845 (determining there was sufficient evidence presented at trial that victim's drowning death occurred during the course of a continuous chain of events that began with offenders' attempt to drug him); *Russell*, 503 N.W.2d at 113 (holding robbery and murder of victim "were parts of a single, continuous transaction or chain of events because the activities occurred within a short period of time, at the same location, and as part of the act of robbing [the victim]"). Sufficient evidence in the record supports the district court's determination that appellant "intended to commit the crime of Murder in the First Degree – While Committing a Robbery" at the time he pointed a firearm at T.G. and at S.N.-S. and threatened to kill them.

Appellant raises additional arguments in his reply brief regarding the chain of events leading up to the shooting. Because we determine that the aggravated robbery and the attempted murder were part of a continuous chain of events, it is not necessary to consider these additional arguments.

**Affirmed.**