CHUTICH, Justice.
Appellant John Lee Bowen was convicted of simple robbery for taking a bottle of brandy from a liquor store and assaulting the store manager. The sole issue here is whether the phrase "personal property" in the robbery statute, Minnesota Statutes section 609.24 (2018), includes the property of a business. Bowen challenges the sufficiency of the evidence, contending that "personal property" means property belonging to a person. Because the bottle that he took belonged to the store and not to a person, he claims that he cannot be convicted of simple robbery. The State argues that Bowen's conviction is valid because "personal property" includes all property other than real property. We conclude that the evidence is sufficient to support the conviction because "personal property" as used in the robbery statute is a technical term that has acquired the specialized meaning of all property other *765 than real property. Accordingly, we affirm the decision of the court of appeals, which upheld Bowen's conviction.
FACTS
The facts here are not in dispute. Bowen entered a liquor store in Saint Paul and started an argument with a cashier. After the cashier told Bowen to leave the store, Bowen left, but he returned less than 1 hour later. When he returned, Bowen pushed a rack off of the counter and asked for the managers as he moved toward the cashier. The cashier paged the managers through the intercom system, then jumped over the counter and ran. Two managers responded; the first approached Bowen while the second called the police. Bowen began knocking liquor bottles off of the shelves behind the counter and took a bottle of brandy from one of the shelves. He then punched the approaching manager in the face. As he walked out the door carrying the bottle of brandy, Bowen said, "I'm going to come back and shoot all of you."
The State charged Bowen with simple robbery and threats of violence. At trial, Bowen argued that the bottle of brandy was not "personal property," as required by the robbery statute. The jury found Bowen not guilty of threats of violence and guilty of simple robbery. The district court sentenced Bowen to 38 months of imprisonment but stayed execution of the sentence and placed him on probation for 5 years.
Bowen appealed to the court of appeals, which affirmed his conviction. State v. Bowen , 910 N.W.2d 39, 41-42 (Minn. App. 2018). The court of appeals held that the meaning of "personal property" is ambiguous because the phrase could be understood according to Bowen's proposed meaning, property of a person, or the State's proposed meaning, all property that is not real property. Id. at 44. The court of appeals then examined the phrase under two canons of construction, in pari materia and imputed common law meaning. Id. at 45. The court determined that the canons of construction supported the State's meaning of "personal property" and therefore held that the State had satisfied its burden of proving that Bowen took "personal property" from the liquor store. Id. at 46. We granted Bowen's petition for review.
ANALYSIS
When we consider a claim of insufficient evidence, "our review ... is limited to a painstaking analysis of the record to determine whether the evidence, when viewed in the light most favorable to the conviction, was sufficient to permit the jurors to reach the verdict which they did." State v. Webb , 440 N.W.2d 426, 430 (Minn. 1989). "When a sufficiency-of-the-evidence claim turns on the meaning of the statute under which a defendant has been convicted, we are presented with a question of statutory interpretation that we review de novo." State v. Henderson , 907 N.W.2d 623, 625 (Minn. 2018).
We interpret statutory language to "ascertain and effectuate" the Legislature's intent. Minn. Stat. § 645.16 (2018). "The plain language of the statute controls when the meaning of the statute is unambiguous." State v. Boecker , 893 N.W.2d 348, 351 (Minn. 2017). To determine whether the phrase "personal property" is ambiguous, we consider whether it can be "subject to more than one reasonable interpretation." State v. Fleck , 810 N.W.2d 303, 307 (Minn. 2012). "A statute must be construed as a whole and the words and sentences therein 'are to be understood ... in the light of their context.' " Schmidt ex rel. P.M.S. v. Coons , 818 N.W.2d 523, 527 (Minn. 2012) (quoting *766 Christensen v. Hennepin Transp. Co. , 215 Minn. 394, 10 N.W.2d 406, 415 (1943) ).
Minnesota Statutes section 645.08(1) (2018) requires that "technical words and phrases and such others as have acquired a special meaning, or are defined in this chapter, are construed according to such special meaning or their definition." See also State v. Schouweiler , 887 N.W.2d 22, 25 (Minn. 2016) ("[W]e interpret technical words and phrases according to their special, technical meaning."). Whether to ascribe "a technical or special meaning [to a word or phrase] depends in part upon the context in which the word appears." State v. Rick , 835 N.W.2d 478, 484 (Minn. 2013).
Here, Bowen was convicted of simple robbery. Minnesota's simple robbery statute provides:
Whoever, having knowledge of not being entitled thereto, takes personal property from the person or in the presence of another and uses or threatens the imminent use of force against any person to overcome the person's resistance or powers of resistance to, or to compel acquiescence in, the taking or carrying away of the property is guilty of robbery....
Minn. Stat. § 609.24 (emphasis added).
As a threshold matter, the State contends that a previous decision of ours, State v. Schachtel , 157 Minn. 272, 196 N.W. 674 (1923), is dispositive of Bowen's claim. Schachtel dealt with the robbery of an item from a store, like here.[1] The defendant took a piece of jewelry from a jewelry store when a store clerk was "in charge of the stock and premises." Id . The defendant asserted that the indictment for robbery was "fatally deficient" because the clerk "might have been a stranger to the property and its owners." Id. at 674. We stated that "[u]nder modern statutes defining robbery, the right of ownership or control of stolen goods is immaterial, so long as it is not in the robber" and held that the indictment "was sufficient to apprise defendant of the charge made against him." Id. at 674-75.
Although Schachtel clearly applied the robbery statute to the property of a store, it was not a statutory interpretation case and did not analyze the meaning of "personal property." Instead, it focused on the question of whether the actual owner of the property had to be present when the property was unlawfully taken from the person of another or in the presence of another. The question here is different: whether the type of property itself falls within the definition of "personal property" in the statute. Schachtel is useful, but not dispositive.
We next turn to the interpretation of section 609.24. Bowen argues that because the adjective "personal" modifies the noun "property," the common and ordinary meaning of the two words is property belonging to a person. He contends that this definition excludes any property belonging to a business, such as the liquor store. In support, Bowen cites lay dictionaries that define "personal" as "of or relating to a particular person," American Heritage Dictionary 1317 (5th ed. 2011), and "of, affecting, or belonging to a particular person rather than to anyone else," New Oxford American Dictionary 1307 (3d ed. 2010).
*767 The State counters that "personal property" is a phrase that has acquired a specialized meaning and includes any type of property that is not real property, regardless of ownership. Accordingly, the State asserts that the phrase includes the liquor store's bottle of brandy.
We agree with the State that the phrase "personal property" has acquired a clear and accepted specialized meaning as any property that is not real property, and further hold that this technical definition is the only reasonable interpretation of the phrase in the context of the robbery statute. Consequently, we conclude that, as used in the robbery statute, "personal property" means any property that is not real property.
Modern legal dictionaries, and those from the time the robbery statute was enacted, show that "personal property" has a specialized meaning as any property that is not real property. At the time the robbery statute was first enacted, Black's Law Dictionary defined "personal property" as "[p]roperty of a personal or movable nature, as opposed to property of a local or immovable character, (such as land or houses,) the latter being called 'real property.' " Black's Law Dictionary (1891); see also Personal Property , Anderson's Dictionary of Law (1889) ("All movable chattels and things thereunto incident; property which may attend a man's person wherever he goes.").
The same definition applies today. See, e.g. , Personal property , Black's Law Dictionary (10th ed. 2014) (defining personal property as "[a]ny movable or intangible thing that is subject to ownership and not classified as real property."); A Dictionary of Modern Legal Usage 736 (2d. ed. 1995) (The definitions for "personal property" and "real property" direct the reader to the section for "real; personal," which states that "[t]he distinction between real property (or realty) and personal property (or personalty) is as old as Roman law....") (emphasis omitted).
Our case law supports our view that the only reasonable interpretation of the phrase "personal property" is property that is not real property. Although we have not explicitly defined the phrase in the robbery statute, we have applied the statute to business property for more than one hundred years. See, e.g. , State v. Solomon , 359 N.W.2d 19, 20 (Minn. 1984) (affirming an attempted aggravated robbery conviction where the defendant attempted to take money from a store); State v. Duncan , 312 Minn. 17, 250 N.W.2d 189, 192 (1977) (affirming a robbery conviction where the defendant participated in taking money from a gas station); State v. LaJeunesse , 280 Minn. 381, 159 N.W.2d 261, 262 (1968) (affirming a robbery conviction where the defendant took money from a grocery store); State v. Sandve , 279 Minn. 229, 156 N.W.2d 230, 231 (1968) (affirming a robbery conviction where the defendant took money from a hotel); State v. Bonga , 278 Minn. 181, 153 N.W.2d 127, 128 (1967) (affirming a robbery conviction where the defendant took money from a drug store); State v. Sorg , 275 Minn. 1, 144 N.W.2d 783, 785-86 (1966) (affirming a robbery conviction where the defendant took money and other items from a bar); Schachtel , 196 N.W. at 674-75 (affirming a robbery conviction where the defendant took jewelry from a jewelry store); Duluth St. Ry. Co. v. Fid. & Deposit Co. of Md. , 136 Minn. 299, 161 N.W. 595, 595-96 (1917) (holding that the taking of money belonging to a railroad company was robbery in the context of an insurance dispute). The technical meaning of "personal property," that is property that is not real property, is apparent from our case law.
By contrast, Bowen's proposed separation of the word "personal" from "property" does not make sense when applied to similar property definitions. For instance, *768 if we had before us a question of the meaning of "real property" and examined each of the words separately, the resulting definition would be "property that is not imaginary."[2] Such an interpretation would be unreasonable.
Contrary to Bowen's contention at oral argument, this case is unlike State v. Rick , which involved the statutory interpretation of the word "transfer" in Minnesota's communicable-disease statute. See Minn. Stat. § 609.2241 (2018). In Rick , the word "transfer" was defined by statute, id. , subd. 1(d), but we determined that this statutory definition was "confusing" in relation to the statute's use of the word. Rick , 835 N.W.2d at 482-83. In the context of the communicable-disease statute, the specialized meaning of the word "transfer" and the dictionary definition seemed equally reasonable, so we turned to an ambiguity analysis and, relying on the rule of lenity, held that the technical meaning applied. Id. at 485-86. Because we hold here that in the context of the robbery statute the only reasonable interpretation of "personal property" is the technical one, no such analysis is necessary.
In sum, the plain meaning of Minnesota Statutes section 609.24 supports only one reasonable interpretation of the phrase "personal property": property that is not real property. Because it is undisputed that Bowen took the bottle of brandy from the liquor store by using force, the State presented sufficient evidence to support Bowen's robbery conviction.
CONCLUSION
For the foregoing reasons, we affirm the decision of the court of appeals.

The statute at that time defined robbery as:
[t]he unlawful taking of personal property from the person of another or in his presence, against his will, by means of force or violence, or fear of injury, immediate or future, to his person or property, or the person or property of a relative or member of his family, or of any one in his company at the time of the robbery.
Schachtel , 196 N.W. at 674 (quoting Minn. Gen. Stat. § 8635 (1913) ).

"Real" is defined as "actually existing or occurring in fact; not imagined or supposed." Concise Oxford English Dictionary 1197 (11th ed. 2009).