Keith Ellison, Attorney General, St. Paul, Minnesota; and Michael O. Freeman, Hennepin County Attorney, Jonathan P. Schmidt, Assistant County Attorney, Minneapolis, Minnesota (for respondent)
Cathryn Middlebrook, Chief Appellate Public Defender, Julie Loftus Nelson, Assistant Public Defender, St. Paul, Minnesota (for appellant)
Considered and decided by Halbrooks, Presiding Judge; Larkin, Judge; and Smith, Tracy M., Judge.
LARKIN, Judge *282 Appellant challenges her conviction of simple robbery, arguing that the evidence was insufficient to sustain the conviction. We affirm.
FACTS
Respondent State of Minnesota charged appellant Savonte Maurice Townsend with one count of simple robbery. The case was tried to the district court.
The evidence at trial showed that on May 25, 2017, Townsend went to Trader Joe's in St. Louis Park, which is a business that includes a grocery store and a wine shop. W.S., a Trader Joe's employee in the wine shop, observed Townsend and another woman put bottles of liquor in their handbags. Based on this behavior, W.S. assumed that the women were shoplifting. As the women moved toward the common hallway between the Trader Joe's grocery store and wine shop with the liquor bottles, W.S. began to ask, "[A]re you going to pay for that?" Townsend said, "Run!" and the other woman ran into the hallway. W.S. grabbed the back of Townsend's blouse as she ran past him and into the hallway. Once Townsend was in the hallway, W.S. grabbed Townsend's handbag, which caused her to stop.
W.S. held Townsend against a wall in the hallway with his forearm and attempted to take her handbag. W.S. testified that Townsend said, "I'm going to bite you, I'm going to bite you." Next, Townsend tried to bite W.S.'s arm. In response, W.S. let go of Townsend. At some point during the struggle, a bottle of liquor fell out of Townsend's handbag and broke on the floor. Townsend tried to leave but slipped and fell on the wet floor, at which point W.S. grabbed Townsend's handbag again. W.S. testified that at that point, he believed there were three bottles of liquor remaining in Townsend's bag.
A physical struggle ensued between W.S. and Townsend as they moved out of the hallway and onto the sidewalk outside of Trader Joe's. Townsend yelled at W.S. to let her go, and W.S. responded, "Give me the booze first." W.S. testified that he took the remaining liquor bottles out of Townsend's bag and then released her. Townsend ran to a car and drove away.
At trial, Townsend admitted that she went to Trader Joe's to steal alcohol. Townsend testified that she took only one bottle of liquor from the wine shop and then walked out of the shop. Townsend also testified that she did not know W.S. was a Trader Joe's employee. She denied biting or threatening to bite W.S.
The district court found Townsend guilty as charged, entered judgment of conviction, and sentenced her to serve 51 months in prison. Townsend appeals, arguing that the evidence was insufficient to sustain her conviction.
ISSUE
Was the evidence sufficient to sustain Townsend's conviction of simple robbery?
ANALYSIS
When considering a claim of insufficient evidence, an appellate court carefully analyzes the record to determine *283 whether the evidence, when viewed in a light most favorable to the conviction, was sufficient to permit the fact-finder to reach the verdict that it did. State v. Webb , 440 N.W.2d 426, 430 (Minn. 1989). An appellate court assumes that the fact-finder believed the state's witnesses and disbelieved the defense witnesses. Statev. Tscheu , 758 N.W.2d 849, 858 (Minn. 2008). The court will not disturb a guilty verdict if the fact-finder, acting with due regard for the presumption of innocence and the requirement of proof beyond a reasonable doubt, could reasonably conclude that the defendant was proved guilty of the offense charged. Bernhardt v. State , 684 N.W.2d 465, 476-77 (Minn. 2004). An appellate court "review[s] criminal bench trials the same as jury trials when determining whether the evidence is sufficient to sustain convictions." State v. Hough , 585 N.W.2d 393, 396 (Minn. 1998).
"When a sufficiency-of-the-evidence claim turns on the meaning of the statute under which a defendant has been convicted, [appellate courts] are presented with a question of statutory interpretation that [they] review de novo." State v. Henderson , 907 N.W.2d 623, 625 (Minn. 2018). In such circumstances, an appellate court uses a two-step process: first, it uses statutory interpretation to determine the meaning of the relevant statutory language; second, it determines whether the evidence was sufficient to establish guilt using that interpretation. See State v. Robinson , 921 N.W.2d 755, 756-58, 761-62 (Minn. 2019) (interpreting Minn. Stat. § 518B.01, subd. 2(b) (2018), to define "significant romantic or sexual relationship" and concluding that the evidence was sufficient to sustain a conviction using that definition).
The state charged Townsend with simple robbery under Minn. Stat. § 609.24, which provides:
Whoever, having knowledge of not being entitled thereto, takes personal property from the person or in the presence of another and uses or threatens the imminent use of force against any person to overcome the person's resistance or powers of resistance to, or to compel acquiescence in, the taking or carrying away of the property is guilty of robbery ....
Townsend contends that the evidence was insufficient to sustain her conviction because "the state failed to prove that Trader Joe's liquor is 'personal property' under the simple robbery statute" and because she "never overcame anyone's resistance or compelled anyone's acquiescence in the carrying away of Trader Joe's property."
Townsend argues that "she did not take 'personal property' from another" because she "took a bottle of liquor, i.e. , store merchandise, owned by Trader Joe's, which is a business, not a person." Recently, the supreme court held that "[t]he phrase 'personal property' in [ section 609.24 ], the robbery statute, is a technical term meaning any property other than real property. Property belonging to a business falls within the definition of 'personal property' under the robbery statute." State v. Bowen , 921 N.W.2d 763 (Minn. 2019). Thus, the evidence was sufficient to prove Townsend took personal property from another within the meaning of the simple-robbery statute.
Townsend also argues that she is guilty of theft or attempted simple robbery, and not simple robbery, because "although she engaged in a physical altercation with the store clerk when leaving, [she] did not overcome the clerk's resistance or compel his acquiescence in the carrying away" of the liquor. "Instead," she argues, "the clerk thwarted [her] attempt to carry away *284 the liquor and [she] left empty-handed." Townsend therefore concludes that because she "never completed the crime of simple robbery, her conviction must be reversed."
We understand Townsend's argument to be that she is not guilty of simple robbery because she relinquished possession of the liquor bottles once she was outside of the store and Trader Joe's ultimately retained them. Because one of the bottles was destroyed during the struggle that ensued after Townsend removed the bottles from the wine shop, we question whether the record supports Townsend's argument. Nonetheless, we consider the issue that Townsend has raised and turn our attention to the language of the charging statute.
Again, the simple-robbery statute requires the use or threat of imminent use of force "against any person to overcome the person's resistance or powers of resistance to, or to compel acquiescence in, the taking or carrying away" of personal property. Minn. Stat. § 609.24 (emphasis added). Commission of a simple robbery "does not require that the use of force or threats actually precede or accompany the taking" but rather "requires only that the use of force or threats precede or accompany either the taking or the carrying away." State v. Kvale , 302 N.W.2d 650, 653 (Minn. 1981) (emphasis added). Thus, caselaw treats the "taking" and the "carrying away" as separate acts. See id . (stating that the use of force "overcame the victim's power to resist and compelled his acquiescence both in the completed taking and in the contemporaneous carrying away of the [property]"); see also State v. Thonesavanh , 904 N.W.2d 432, 438 (Minn. 2017) (noting that the supreme court had previously held that "even temporary 'control or dominion' over another's property was sufficient to 'complete' the offense of simple robbery, even if there was no evidence that the defendant had 'carr[ied] away' the property" (alteration in original) (quoting State v. Solomon , 359 N.W.2d 19, 21 (Minn. 1984) )).
Townsend's argument recognizes that "taking" and "carrying away" are separate and distinct acts under the simple-robbery statute. She concedes that "as soon as she took the bottle of [liquor] off the shelf and put it in her purse, she was guilty of theft" and argues that she "was initially only guilty of theft because she accomplished the 'taking' of the liquor without any use of force or threat of force against anyone." As to the carrying away, Townsend asserts that she is not guilty of simple robbery because she "did not overcome the clerk's resistance or compel his acquiescence in the carrying away." As to that assertion, Townsend argues that the sufficiency of the state's evidence turns on the interpretation of the simple-robbery statute and sets forth the standards that would guide such an interpretation. However, Townsend does not engage in statutory interpretation to support her position. Nonetheless, because we agree that statutory interpretation principles are appropriately considered in addressing Townsend's argument, we turn to those principles.
Statutory interpretation begins by assessing whether the statute's language, on its face, is ambiguous. An ambiguity exists only when the statutory language is subject to more than one reasonable interpretation. If a statute is unambiguous, [appellate courts] apply the statute's plain meaning.
If a statute does not define a word or phrase, [appellate courts] give that word or phrase its plain and ordinary meaning. To determine plain meaning, [appellate courts] look to the dictionary definitions of the words and apply them in the context of the statute.
*285 State v. Prigge , 907 N.W.2d 635, 638 (Minn. 2018) (quotations omitted).
Given the facts of this case, it is appropriate to focus on the phrase "carrying away." Townsend does not assert that the phrase "carrying away"-or any other part of the simple-robbery statute-is ambiguous. Although "carrying away" is undefined, its plain and ordinary meaning is reflected in dictionary definitions. For example, the Minnesota Supreme Court recently used dictionary definitions to define "carry" when interpreting Minn. Stat. § 624.7142, subd. 1(4) (2016), which provides that "[a] person may not carry a pistol on or about the person's clothes or person in a public place" when the person is under the influence of alcohol. Id. at 638-39. The supreme court used the following dictionary definitions in its analysis: (1) "[t]o hold or support while moving; bear," (2) "[t]o move or take from one place to another; transport: a train carrying freight ," and (3) "[t]o keep or have on one's person." Id. (alterations in original) (quoting The American Heritage Dictionary of the English Language 285 (5th ed. 2011)). The American Heritage Dictionary lists several definitions of "away," and the first definition is as follows: "[f]rom a particular thing or place: ran away from the lion ." American Heritage , supra , at 125.
Applying these dictionary definitions in the context of the simple-robbery statute, while treating "taking" and "carrying away" as distinct acts, we conclude that "carrying away" is the act of moving personal property from the location of the taking. Nothing in the plain language of the simple-robbery statute suggests that personal property is not carried away if a robber uses or threatens the imminent use of force to overcome a person's resistance such that the robber is able to move personal property from the location of the taking and then relinquishes possession of the property nearby. Nor does the plain language suggest that property is not carried away unless it is moved a certain distance from the location of the taking. Under the plain language of the simple-robbery statute, property is carried away if it is moved from the location of the taking.
We now consider whether the evidence was sufficient to sustain Townsend's conviction using the definition of carrying away set forth above, that is, moving personal property from the location of the taking. Specifically, we consider whether the evidence was sufficient to prove that Townsend used or threatened the imminent use of force against W.S. to overcome his resistance to Townsend's removal of the liquor bottles from the wine shop.
W.S. testified that he observed Townsend put "multiple" bottles of liquor in her handbag in the Trader Joe's wine shop and that he attempted to physically restrain Townsend as she walked out of the wine shop and into the common hallway with the bottles. W.S. also testified that once he and Townsend were in the common hallway, Townsend threatened and attempted to bite him. After which, W.S. released his hold on Townsend, and she moved toward the exit from the common hallway to the sidewalk outside of Trader Joe's. W.S.'s testimony established that although the struggle between W.S. and Townsend continued as Townsend moved out of the common hallway, she made it to the sidewalk outside, with some of the liquor bottles that W.S. had seen her place in her handbag.
When the evidence is viewed in the light most favorable to the conviction, it shows that Townsend's threat and attempt to bite W.S. overcame his resistance such that Townsend was able to carry some of the liquor bottles out of the common hallway and onto the sidewalk outside of Trader *286 Joe's, which was away from the location of the taking. Thus, the evidence was sufficient to prove that Townsend used or threatened the imminent use of force against W.S. to overcome his resistance, or to compel acquiescence in, the carrying away of some of the liquor bottles that Townsend took in the wine shop.[1]
Because the evidence was sufficient to prove that Townsend successfully carried away some of the bottles of liquor within the meaning of the simple-robbery statute, we do not consider Townsend's argument that a simple robbery is not complete if the alleged robber used or threatened the imminent use of force "in order to," that is, "as a means to," or "in an effort to," overcome a person's resistance but did not actually overcome that person's resistance. The trial evidence shows that those are not the circumstances here.[2] We therefore leave that issue for another day.
DECISION
The evidence was sufficient to establish, beyond a reasonable doubt, that Townsend, having knowledge of not being entitled thereto, took personal property in the presence of W.S. and used or threatened the imminent use of force against W.S. to overcome his resistance to, or compel his acquiescence in, the carrying away of that property. We therefore affirm Townsend's conviction of simple robbery.
Affirmed.

In concluding that Townsend was guilty of simple robbery, the district court reasoned that she "took at least one bottle of liquor." However, the district court found that Townsend "placed multiple bottles of liquor in her purse" and "attempted to leave the store without purchasing the bottles of liquor," that a struggle over Townsend's purse ensued "[i]n an attempt to prevent [Townsend] from stealing the bottles of liquor," and that "[d]uring the struggle, one bottle of liquor fell out of [Townsend's] purse." Although the district court did not make findings regarding W.S.'s testimony that he recovered additional bottles of liquor from Townsend outside of Trader Joe's, our reliance on that testimony is consistent with the district court's findings as a whole, which impliedly credit the testimony of W.S. and reject the testimony of Townsend. Because we "review criminal bench trials the same as jury trials when determining whether the evidence is sufficient to sustain convictions,"Hough , 585 N.W.2d at 396, and because our reasoning is supported by the district court's findings, we do not limit our assessment of the sufficiency of the evidence to the theory of guilt on which the district court relied.

Townsend notes that the district court concluded that she "threatened and attempted to bite [W.S.] in order to ... carry away the bottle of liquor" and argues that "it is significant that the district court did not find that [she] overcame [W.S.'s] resistance." But as explained above, the trial evidence shows, beyond a reasonable doubt, that Townsend overcame W.S.'s resistance and carried away some of the bottles of liquor that she had taken in the wine shop, which is consistent with the district court's findings of fact. Moreover, the district court's failure to make a specific finding that Townsend overcame W.S.'s resistance is immaterial. See Minn. R. Crim. P. 26.01, subd. 2(a) ("In a case tried without a jury, the court ... must make a general finding of guilty [or not guilty] ...."); id. , subd. 2(b) (stating that in a felony case, "[t]he court ... must in addition make findings in writing of the essential facts"); id. , subd. 2(e) ("If the court omits a finding on any issue of fact essential to sustain the general finding, it must be deemed to have made a finding consistent with the general finding.").