STATE OF MINNESOTA

IN SUPREME COURT

A22-0630

Court of Appeals                                                          Hudson, C.J.

State of Minnesota,

       Respondent,

vs.                                                                      Filed: February 14, 2024
                                                                         Office of Appellate Courts
Joshua Henry Baion Cummings,

       Appellant.

_____

Cathryn Middlebrook, Chief Appellate Public Defender, Leah C. Graf, Assistant Public Defender, Saint Paul, Minnesota, for appellant.

Keith Ellison, Attorney General, James H. Clark III, Assistant Attorney General, Saint Paul, Minnesota, for respondent.

_____

S Y L L A B U S

1.      The term "resources" in the criminal restitution statute, Minnesota Statutes section 611A.045, subdivision 1(a)(2) (2022), unambiguously means useful and valuable possessions.

2.      The district court properly considered the defendant's equity in his home as a "resource" when awarding restitution.

Affirmed.

1

OPINION

HUDSON, Chief Justice.

We are required here to interpret the meaning of the term "resources" in Minnesota Statutes section 611A.045, subdivision 1(a)(2) (2022), as it pertains to criminal restitution. Appellant Joshua Henry Baion Cummings (Baion)[1] was charged with multiple counts of theft based on allegations that he received $16,471.51 in wages based on his submission of fraudulent personal care assistant records. Baion entered an *Alford* plea to one count of theft by false representation. When determining restitution at sentencing, the district court considered the equity in Baion's home, which he co-owns with his spouse, as one of Baion's resources. Baion appealed, arguing that the equity in a home owned with a non-defendant spouse cannot be properly considered as a resource under the restitution statute. In a nonprecedential opinion, the court of appeals determined that the district court did not err by considering Baion's home equity as part of his resources and ability to pay restitution. *State v. Cummings*, No. A22-0630, 2023 WL 2467901, at *5 (Minn. App. Mar. 13, 2023). We conclude that the term "resources" unambiguously means useful and valuable possessions. Home equity, even when the home is co-owned with a non-defendant spouse, may be a useful and valuable possession. Accordingly, we affirm the court of appeals.

---

[1] Although appellant's name is listed in the district court record as "Joshua Henry Baion Cummings," he has clarified that his proper surname is Baion. *State v. Cummings*, No. A22-0630, 2023 WL 2467901, at *1 n.1 (Minn. App. Mar. 13, 2023). Accordingly, we refer to appellant as Baion.

2

## FACTS

In October 2020, Baion was charged with four counts of theft by swindle under Minnesota Statutes section 609.52, subdivision 2(a)(4) (2022), and two counts of theft by false representation under Minnesota Statutes section 609.52, subdivision 2(a)(3) (2022). The State alleged that Baion had submitted false timesheets between September 2016 and April 2019, reporting his work as a personal care assistant for a client when, during those same hours, he was clocked in and working at Regions Hospital, and on one occasion, was traveling outside the state. In total, the State alleged that Baion received $16,471.51 in wages based on his submission of fraudulent personal care assistant records.

Baion entered an *Alford* plea[2] to one count of theft by false representation, but he reserved the right to challenge his ability to pay restitution. At sentencing, the State asked the district court to award the full amount of restitution, arguing that Baion had the ability to pay because he had been employed throughout the proceeding, and he owns a single-family home in Eagan. Baion countered that he could no longer work as a personal care assistant and would be terminated from his job at Regions Hospital once he was convicted of the offense, so his ability to pay was limited. The district court took testimony from Baion during the sentencing hearing. Baion testified that he is married with three minor children and his wife is a student who works sporadically. Baion explained that he owns a house with his wife in Eagan on which they owe $219,000, with monthly payments of

---

[2]     A judge accepts an *Alford* plea when the defendant maintains their innocence but agrees that the State's evidence is sufficient for a jury to find the defendant guilty beyond a reasonable doubt. *State v. Theis*, 742 N.W.2d 643, 649 (Minn. 2007).

$1,500. Baion told the district court that he was not sure how much equity he and his wife possessed in the house. Baion also testified that he had credit card debt of approximately $3,000, a car loan of approximately $15,000, and student loans of approximately $40,000.

After Baion's testimony, his counsel inquired, "I don't know if the State's position is that he should be taking out some sort of home equity line of credit to pay [restitution] . . . ." The district court responded, "I think what they're probably saying is there's equity in the house" that Baion could leverage to secure a loan and to pay off the restitution and then "have a slightly larger monthly payment, perhaps, or extend the length of the mortgage." The district court noted that calculating a defendant's ability to pay "is always an inexact science" but "[i]t does appear that there's probably money in the house to get an equity line." The district court awarded restitution in the amount of $14,579.62, with minimum monthly payments of $50, and suggested that Baion talk to his bank about getting a home equity loan.[3] After commenting on Baion's various financial obligations, the district court stated, "[I]f it weren't for the equity line that I think is possible I don't think that the State has demonstrated an ability to pay." Baion did not file an objection to the restitution order.[4]

---

[3]     The district court noted that Baion could file an objection to the restitution award if he was not able to get a home equity loan. Baion did not file an objection.

[4]     Minnesota Statutes section 611A.045, subdivision 3(b) (2022), provides that "[a]n offender may challenge restitution, but must do so by requesting a hearing within 30 days of receiving written notification of the amount of restitution requested, or within 30 days of sentencing, whichever is later." In *State v. Gaiovnik*, we recognized a narrow exception to this requirement, holding that a failure to object to a restitution award does not bar an appeal "where the only challenge is to the legal authority of the court to order restitution and that challenge was raised in the district court." 794 N.W.2d 643, 648 (Minn. 2011).

On appeal, Baion argued that the district court erred in considering the equity in his home when assessing his ability to pay restitution. *Cummings*, 2023 WL 2467901, at *3. Baion asserted that the equity in his home is not an "income, resource, or obligation" under the plain and unambiguous meaning of Minnesota Statutes section 611A.045, subdivision 1(a)(2). *Cummings*, 2023 WL 2467901, at *3. The court of appeals reasoned that a " '[r]esource' is ordinarily defined as '[s]omething that is available for use or that can be used for support or help' or in its plural form, 'resources,' '[a]n available supply, especially of money, that can be drawn on when needed.' " *Id.* at *4 (quoting *The American Heritage Dictionary of the English Language* 1459 (5th ed. 2018)). In applying this plain meaning of the word, the court of appeals concluded that home equity is a resource under the statute because "home equity is a source of funding owned by, and therefore available to, a homeowner." *Id.* Accordingly, the court of appeals affirmed the district court's restitution order because it reflected the district court's "proper consideration of (1) the victim's loss and (2) the defendant's ability to pay." *Id.* at *5.

This court granted Baion's request for further review.

## ANALYSIS

Minnesota Statutes section 611A.045, subdivision 1(a) provides: "The court, in determining whether to order restitution and the amount of the restitution, shall consider

Baion did not object to the district court's restitution order, he does not contend that the court lacks legal authority to award restitution, and he did not raise his current legal argument in the district court proceeding. Although Baion does not meet the requirements of the exception recognized in *Gaiovnik*, the State did not raise this deficiency below and waived any forfeiture argument at oral argument. *See Bonga v. State*, 797 N.W.2d 712, 714 n.1 (Minn. 2011).

the following factors: (1) the amount of economic loss sustained by the victim as a result of the offense; and (2) the income, resources, and obligations of the defendant." This case requires us to interpret the term "resources" in section 611A.045, subdivision 1(a)(2). "We review issues of statutory interpretation de novo." *Hagen v. Steven Scott Mgmt., Inc.,* 963 N.W.2d 164, 169 (Minn. 2021).

"If the Legislature's intent is clear from the statute's plain and unambiguous language, then we interpret the statute according to its plain meaning without resorting to the canons of statutory construction." *State v. Serbus*, 957 N.W.2d 84, 87 (Minn. 2021) (citation omitted) (internal quotation marks omitted). "When the words of a law in their application to an existing situation are clear and free from all ambiguity," Minn. Stat. § 645.16 (2022), "[t]he plain language of the statute controls," *State v. Pakhnyuk*, 926 N.W.2d 914, 920 (Minn. 2019) (citation omitted) (internal quotation marks omitted).

To determine whether a word in a statute is ambiguous, we consider whether it can be "subject to more than one reasonable interpretation." *State v. Bowen*, 921 N.W.2d 763, 765 (Minn. 2019) (citation omitted) (internal quotation marks omitted). If not, then the plain meaning of the statute's language controls. *Pakhnyuk*, 926 N.W.2d at 920. In ascertaining the plain meaning, this court construes "words and phrases . . . according to rules of grammar and according to their common and approved usage." Minn. Stat. § 645.08 (2022). When the Legislature has not provided definitions of the relevant terms, we may consider dictionary definitions to determine a word's common usage. *See State v. Powers*, 962 N.W.2d 853, 858 (Minn. 2021). The "relevant definition of a term depends

6

on the context in which the term is used." *State v. Alarcon*, 932 N.W.2d 641, 646 (Minn. 2019) (citation omitted) (internal quotation marks omitted).

I.

The term "resources" in Minnesota Statutes section 611A.045 has no statutory definition. Accordingly, we may look to dictionary definitions to determine whether the term has a plain meaning. *State v. Thonesavanh*, 904 N.W.2d 432, 436 (Minn. 2017). Both parties propose a definition for the term "resources." Baion proposes that because section 611A.045 requires the court to consider the "income, resources, and obligations" of the defendant, "resources" refers to some measure of the defendant's ability to financially compensate the victim. Minn. Stat. § 611A.045. Accordingly, Baion's proposed definition of "resources" is a narrow one, specifically "an available supply that can be drawn on when needed." *See The American Heritage Dictionary* 1495 (5th ed. 2011) (defining resources as "[a]n available supply, especially of money, that can be drawn on when needed").

The State, however, urges this court to adopt a broader definition of the term "resources." In addition to acknowledging Baion's proffered definition, the State notes that a "resource" can be defined as "[s]omething that is available for use or that can be used for support or help." *The American Heritage Dictionary* 1495 (5th ed. 2018). The State also asserts that a "resource" may be defined as "[a] useful or valuable quality or possession of a country, state, organization, or person." *Black's Law Dictionary* 1568 (11th ed. 2019). Considering all these definitions together, the State proposes that "resources" means: "(1) valuable possessions, (2) things that can be used for support or help, (3) available

7

supplies of money that can be drawn on when needed, and (4) a stock or supply of materials or assets."

Typically, when parties advance different definitions in a statutory interpretation dispute, we evaluate and reject various definitions until we ascertain the only reasonable definition. Here, however, our approach differs because although the parties advocate for slightly different definitions, their proposed definitions are similar and do not result in diverging conclusions. Indeed, the parties' proposed definitions can be easily distilled into a single definition of "resources": useful and valuable possessions. This definition accurately reflects the plain meaning of the term and is reasonable because it embodies the various similar definitions of the term "resources" in the context of the restitution statute. As the court of appeals recognized, "the statute does not distinguish among types of resources and places no limitations on the resources a district court may consider in determining a defendant's ability to pay restitution." *Cummings*, 2023 WL 2467901, at *4.

Although our definition of "resources" is broad, it is not, however, limitless. The context in which resources are to be considered—"in determining whether to order restitution and the amount of restitution," *i.e.*, a dollar amount—gives context to our definition of "resources" as useful and valuable possessions. First, a valuable possession, in the restitution context, refers to monetary value; sentimental value, for example, is irrelevant. Second, even if something has economic value, to be "useful" in the restitution context requires that it can be monetized. Restitution orders do not require the defendant to transfer the title to a home or ownership interest in a business to the victim. Instead, to be "useful" requires that the possession may be leveraged to provide the defendant with

8

access to money that can in turn be paid as restitution. Finally, to be a resource for restitution purposes, it must be a "possession" of the defendant. But this does not necessarily require, for purposes of considering the resource under Minnesota Statutes section 611A.045, subd. 1, that the defendant must have an exclusive ownership interest; a partial interest may be sufficient.

## II.

Next, we apply the proper definition of "resources" to the facts here. Specifically, we consider whether Baion's home equity is a resource for purposes of restitution.

Home equity is a homeowner's property interest in their home that is "the difference between the value of the property and all encumbrances on it." *See Black's Law Dictionary* 681 (11th ed. 2019) (defining equity). Home equity may be leveraged to obtain a home equity loan, which is a "line of bank credit given to a homeowner, using as collateral the homeowner's equity in the home." *Black's Law Dictionary* 1123 (11th ed. 2019). Because home equity has economic value, and because it is useful to the extent it may be leveraged to obtain a loan, we conclude that home equity can be both a useful and a valuable possession. Therefore, in the context of the restitution statute, home equity may be a resource.

That home equity may be a "resource" is not altered by the fact the defendant does not have exclusive ownership of the home. Even if a person shares ownership of an asset with others, those ownership shares may be distinctly valuable and useful to each individual owner. Moreover, Minnesota Statutes section 611A.045 does not restrict the district court to considering only resources that a defendant can access unilaterally.

9

Granted, Baion needs the consent of his spouse to access his home equity,[5] but, on the record before us, that home equity may still be Baion's valuable and useful possession. It was thus a resource that the district court properly considered. As the district court noted, if Baion was unable to obtain a home equity loan and had timely objected on that basis, that fact may have affected the district court's analysis of Baion's ability to pay.[6] But Baion failed to show that he could not access his home equity, and the question of whether *inaccessible* home equity is a resource for restitution purposes is not now before us. Accordingly, the district court properly considered the fact that Baion may have equity in his home when ordering restitution.

## CONCLUSION

For the foregoing reasons, we affirm the decision of the court of appeals.

Affirmed.

---

[5] A home equity loan requires a conveyance. A conveyance "includes every instrument in writing whereby any interest in real estate is created, aliened, mortgaged, or assigned or by which the title thereto may be affected in law or in equity." Minn. Stat. § 507.01 (2022) (defining conveyance).

Minnesota Statutes section 507.02 (2022) prohibits a spouse, except under circumstances not applicable here, from unilaterally conveying the homestead. "[A] conveyance of the homestead by a married person without the signatures of both spouses is not merely voidable but is void." *Marine Credit Union v. Detlefson-Delano*, 830 N.W.2d 859, 863-64 (Minn. 2013) (citation omitted) (internal quotation marks omitted).

[6] "We have referred to 'the income, resources, and obligations of the defendant' as the defendant's 'ability to pay.' " *State v. Wigham*, 967 N.W.2d 657, 659 n.1 (Minn. 2021).